In the Matter of NAT NIEREL et al., Doing Business as MERCHANDISE OUTLET SALES-FARMERS MARKET, Petitioners, against TOWN OF OYSTER BAY et al., Respondents.

Supreme Court, Special Term, Nassau County, April 24, 1951.

*Leon* and *Carl Madonik* for petitioners.

*Theodore V. Summers* for respondents.

HALLINAN, J. Petitioners bring this proceeding, pursuant to article 78 of the Civil Practice Act, for an order in the nature of mandamus directing the respondents to eliminate section 13 of the " Merchandise or Public Mart Ordinance of the Town of Oyster Bay " from the notice of enactment thereof, and for other relief.

On October 17, 1950, the Town Board of Oyster Bay, after a public hearing, adopted the first twelve sections of said ordinance. On the same day another section, which had not been proposed, published or discussed at the public hearing, was adopted by the respondents at an executive session held after the conclusion of the board's meeting. We are not here concerned with the merits of section 13, but merely with the legality of its enactment.

A noted text writer on this subject says that " amendments can be made during passage of an ordinance where the amendment is not one changing the original purpose." (5 McQuillin on Municipal Corporations [3d ed.], § 16.87, pp. 318–319.) The same author also says: " The method prescribed for amending ordinances must be substantially followed, or an amendment will be void and of no effect." (*Op. cit.,* Vol. 6, § 21.04, p. 180.)

Petitioners concede that " the board could have amended the proposed ordinance *before* its enactment, if the changes from the proposal as published were not substantial." They further concede, for the purposes of this proceeding, that this very amendment could validly have been enacted if it had been adopted *before* the ordinance was enacted. Their sole contention is that section 13 was not adopted as an amendment during passage and that the requisite procedure was not followed to entitle it to validity as an amendment subsequently made.

There is no dispute as to the facts. It is conceded that section 13 was adopted at an " Executive Session." Indeed a copy of the town board's minutes submitted by the respondents shows that section 13 was adopted as an amendment to an already existing ordinance. The enacting clause reads: " Resolved that the resolution adopted on the proposed Ordinance relating to ' merchandise ' or ' public marts ' be amended by providing for the addition to the Ordinance, as published, a separability clause as follows: ".

Section 13 depends for its validity, therefore, upon compliance with the necessary procedure for the adoption of amendments.

Section 130 of the Town Law provides in part as follows: " The town board after a public hearing may enact, amend and repeal ordinances, * * * [for certain enumerated purposes]. The town clerk shall give notice of such hearing by the publication of a notice in at least one newspaper circulating in the town, specifying the time when and the place where such hearing will be held, and in general terms describing the proposed ordinance. Such notice shall be published once at least ten days prior to the day specified for such hearing."

Since the amendment was adopted on the same day as the ordinance itself, it is obvious that the required ten days' notice could not have been given and it is undisputed that no hearing was held nor notice given with respect to the amendment of the ordinance. It follows that section 13 was not validly enacted and, therefore, is not a part of the ordinance. The application is granted.

Settle final order on notice.