D. Ormonde Ritchie, J.
The petitioner herein, the owner of a parcel of real property north of the Sunrise Highway in Oakdale in the town of Islip, Suffolk County, and shown on “ West Sayville-Oakdale Amended Zoning Map No. 5 ” of the Town of Islip, in a proceeding brought pursuant to article 78 of the Civil Practice Act, challenges the validity of an ordinance enacted by the respondents insofar as it affects his property. The respondents in a motion addressed to the petition seek its dismissal on the grounds that it does not state facts sufficient in law to entitle petitioner to the relief demanded therein (the elimination of an exception in the amendment affecting petitioner’s property) in that review is sought of a legislative act of respondents.
*2 The petition alleges the publication by respondents of a notice proposing a general change of zone of all property on both sides of the Sunrise Highway between stated termini within which petitioner’s property is located. Subsequent to the hearing held pursuant to the notice, an ordinance affecting a change of zone was enacted. The ordinance as enacted excepted petitioner’s property from the change.
The proceeding was properly instituted by the petitioner. He attacks the validity of the ordinance as enacted and he may be afforded the relief he seeks. The motion to dismiss the petition is denied. (Matter of Nierel v. Town of Oyster Bay, 200 Misc. 21; Matter of Harrison v. Reidpath, 93 N. Y. S. 2d 569; Matter of Smith v. Hartman, 208 Misc. 880.) Since, on the motion to dismiss the respondents concede the facts alleged in the petition to be true, the court must accept petitioner’s statements therein as to the notice published and the ordinance as enacted. The notice contained no statement of the exceptions included in the enacted ordinance. A substantial property right of petitioner was affected by the exception of which complaint is made and he is entitled to redress. Certainly it would be inequitable to permit a property owner to rely upon a change of zone proposed to be made as stated in a notice of hearing and thereafter be deprived of a property right by an exception of which no notice was given or published.
The court is convinced that there can be no issue raised as to the publication of the notice or the ordinance enacted pursuant thereto, and accordingly leave to answer will not be granted. Petitioner’s application is granted and exception 1(a) is deleted from the ordinance as enacted.