Arthur D. Brennan, J.
This is an action wherein the plaintiffs seek a judgment declaring that an ordinance adopted by the Board of Trustees of the defendant village on June 14,1957, which rezoned a single lot from a “ C Residence Zone ” to a “ Business Zone ”, is illegal and void.
In the plaintiffs’ brief, submitted after a trial of the issues, it is stated that the primary question to be considered by the court is whether the adoption of the subject ordinance constituted ‘ ‘ spot zoning ” or “ whether the adoption was in accordance with a ‘ comprehensive plan ’, for if the court reaches the conclusion that the ordinance was not in accordance ‘ with a comprehensive plan ’, then the ordinance is invalid. ’ ’
The property rezoned is owned by the defendant, Hastings Supermarket, Inc., and is a parcel of vacant land of an area of 1.35 acres located on the northwest corner of Broadway and Main Street in the Village of Hastings-on-Hudson.
The corporate plaintiff owns two six-story apartment houses (known as Hastings Terrace) located on the west side of Broadway adjoining the northerly side of the rezoned property (hereinafter referred to as the subject property). The individual plaintiffs (husband and wife) are the owners of two business properties located approximately three blocks west of the subject property and their residence which they own and occupy is far removed from the subject property.
Pursuant to the request of the attorneys for the respective parties, this court made a tour of inspection of not only the subject property and the surrounding area but also of that portion of the area of the village lying between the southerly boundary line of the adjacent Village of Dobbs Ferry and the northerly boundary line of the adjacent City of Yonkers and between Broadway and the right of way of the New .York Central Railroad. Broadway and War bur ton Avenue are the two main arteries for vehicular travel in the village. Broadway runs in a northerly and southerly direction through the village from the City of Yonkers, on the south, to the Village of Dobbs Ferry, on the north. Warburton Avenue connects with Broadway at the northerly end of the village and runs through the village to the City of Yonkers. Main Street, which runs generally in an easterly and westerly direction, connects these two main arteries of travel. Both sides of Main Street running easterly *802 to within 150 feet of the subject property are zoned for business and are devoted to various business uses. In this 150-foot area there are four small two-family houses. Within the area of the village which is zoned for business purposes, there is no vacant land which remains available for business purposes. This court finds that the rezoning of the subject property is virtually an extension of the present business district running easterly on Main Street from Warburton Avenue to Broadway. It is also to be noted that a portion of the area lying between the subject property and the sidewalk of Broadway consists of a sloping embankment which is owned by the State of New York and that no access is therefore available from the subject property to Broadway. As clearly indicated on the Building Zone Map of the village, the property zoned for business is confined to a small area of the village and under all of the circumstances existing in the record now before this court and in the light of the growth and expansion of this village, there must and should be an extension of the business district area in order to supply the wants of the community in general. Between the years of 1950 and 1957 the population of the village has had a 15% increase and there has been a 20% growth in the number of families. During this period of time there have been permitted and constructed two supermarkets in the adjacent Village of Dobbs Ferry which are necessarily patronized by the populace of the Village of Hastings-on-Hudson as there is no supermarket presently in the latter mentioned village. While the same may not constitute a determining factor herein, it may well be observed that in the vicinity of the subject property, and on the easterly side of Broadway, there are nonconforming uses such as a gasoline service station, a real estate office, a printing shop and a funeral parlor. The contour of the land of the subject property is far below the grade of the adjacent property (known as the Hudson Terrace Apartments). The first-floor level of the supermarket to be constructed on the subject property is 35% feet below the level of the first floor of the adjacent Hudson Terrace Apartments.
At the outset it may be observed that generally in all matters of the subject nature, a question of fact is presented as to whether a zoning regulation is reasonable and conducive to the public health, safety, morals or general welfare, so as to constitute a proper exercise of the police power, and each case must be decided on the facts of the particular case and the character of the regulation. (Matter of Wulfson v. Burden, 241 N. Y. 288; Freeman v. City of Yonkers, 205 Misc. 947.)
*803 It has also been well established in our law that the burden rests upon the parties who attack an ordinance to show by a fair preponderance of the credible evidence that the ordinance assailed is not justfied under the police power of the State by any reasonable interpretation of the facts. (Shepard v. Village of Skaneateles, 300 N. Y. 115.) As stated in the case of Greenberg v. City of New Rochelle (206 Misc. 28, 32, affd. 284 App. Div. 891): “ The classification of property and the uses thereof is a matter of legislative and not judicial action, and the court will not intervene and substitute its judgment for that of the legislative body where such classification is fairly debatable. [Citing cases.] ”
The plaintiffs contend that the subject ordinance created a small business area in the midst of a larger area zoned for multiple family residential use and is therefore “ spot zoning ”; further, they assert that the subject ordinance was promulgated solely for the benefit of either the present owners of the subject property or those who originally applied for the change of zone and then conveyed it to the present owners who are now prepared to use the subject property for the construction of a supermarket. It is also contended that the ordinance in question was not in accordance Avith a comprehensive plan and Avas arbitrarily and capriciously enacted.
It is this court’s opinion that the plaintiffs have failed to establish their cause of action by a fair preponderance of the credible evidence.
It clearly appears from the evidence adduced in this case that for a period of two years prior to the enactment of the ordinance now under attack, the Village Board of Trustees, as well as the Planning Board, had under very serious consideration the need for a supermarket to service approximately 9,000 residents of the village. It was determined that there were only two sites available for such a market Avithin the neighborhood of the existing business district which would not do violence to the zoning ordinance of the village. One of these sites was located on Maple Avenue (zoned for residential purposes) and the other was the subject property (also zoned residential). In or about October, 1955, numerous residents of the village presented a petition to the Board of Trustees of the village stating, in substance, that they regarded a supermarket in the village as an everyday necessity of their community and requested the trustees of the village to give consideration to the two aforementioned sites so as to determine which of these two sites was best suited to fit the said needs of the community. Public hearings were held with respect to this petition. Traffic matters *804 were considered; fire hazards were considered; the Village Board made inspection tours of the respective sites and surrounding area; consideration was given to the cost of additional street improvements; the needs of the community were investigated as well as the suitability of the respective sites for the purposes of a supermarket and whether such a change of zone would do violence to the present, zoning ordinance and map. The Planning Board recommended that the Maple Avenue site be rezoned for the construction of a supermarket but the Village Board of Trustees disagreed with the Planning Board for many legitimate and sound reasons and it then approved the site of the subject property and the challenged ordinance was adopted.
In the ease of Rodgers v. Village of Tarrytown (302 N. Y. 115, 123) the court defined spot zoning “ as the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners ”. As stated in the case of Greenberg v. City of New Rochelle (supra, p. 33): “ The relevant inquiry in cases of alleged spot zoning is whether the zoning was accomplished for the benefit of the individual owner, rather, than pursuant to a comprehensive plan for the general welfare of the community. The expression ‘ spot zoning ’ does not bear magical import. An ordinance is not to be labeled spot zoning merely because it singles out and affects one parcel of property. The true test is whether the change is part of a well-considered and comprehensive plan. (Shepard v. Village of Skaneateles, 300 N. Y. 115.) ”
The size of the plot alone is not controlling. (Deligtisch v. Town of Greenburgh, 135 N. Y. S. 2d 220.) In the case of Rodgers v. Village of Tarrytown (supra, p. 124) the court pointed out that spot zoning was the “very antithesis of planned zoning”, stating: “If, therefore, an ordinance is enacted in accordance with a comprehensive zoning plan, it is not1 spot zoning ’ even though it (1) singles out and affects but one small plot * * * or, (2) creates in the center of a large zone small areas or districts devoted to a different use.”
In Bathkopf on the Law of Zoning and Planning (3d ed., Vol. 1, ch. 26, p. 369 [1957 Supp., p. 123]), it is stated: “ It is, perhaps, easier to understand the concept of ‘ spot zoning ’ if we approach it from the converse side. If a change of zone is reasonable, and is in accord with the comprehensive plan or may be justified as contributing to the public safety, health, or general welfare of the community, then it is not spot zoning. ’ ’
■ This court finds from the testimony adduced that the aim of *805 the Village Trustees in enacting the ordinance under attack was not to aid the owner of the subject property but to permit the development thereof for the general welfare of the entire community in the construction of a modern supermarket which was requested by many of the residents; which would attract people to other stores in the village; and which was required to bolster the village’s trade economy. The Village Trustees after due and careful consideration determined that the subject property constituted a desirable location for a modern supermarket and was best fitted to serve the needs of the community.
The plaintiffs contend that the ordinance under attack was not part of a comprehensive plan as the Village Trustees had authorized an appropriation for the purpose of having Raymond Associates (a planning and consulting firm) prepare a comprehensive plan; and that although said firm had not completed the plan at the time of the trial before this court, it had recommended disapproval of the subject property for the construction of a supermarket.
In the first place, it appears to be clear that in employing Raymond Associates, the Village Trustees were only contemplating a general restudy of the entire zoning classification in the village. In the second place, the responsibility and determination with respect to the ordinance in question were those of the legislative body; and in the third place, the Planning Board and Raymond Associates were acting solely in an advisory capacity. There is not a scintilla of evidence offered by the plaintiffs (opinion or otherwise) that there was no comprehensive plan of zoning in existence in the village at the time of the enactment of the amending ordinance now under attack. The Village Zoning Ordinance and Map of May 4, 1923, as amended from time to time, and in existence at the time of the enactment of the ordinance now under attack was and is a comprehensive plan containing complete provisions wherein land use districts were classified, height and bulk of buildings regulated, density of land occupancy regulated with appropriate set back restrictions and areas for yards, court and other open spaces. The accompanying building zone map divides the entire land area of the village into the various use districts established by the zoning ordinance.
Upon all of the evidence adduced, this court concludes that the plaintiffs have completely failed to establish that the action of the Village Trustees of the defendant village in rezoning the subject property was arbitrary and capricious. It has been clearly and definitely established that the subject amending ordinance was not 1 ‘ spot zoning ”; on the contrary, the evi *806 dence demonstrates that the reclassification was made for the benefit of and in the interests of the general welfare of the community and pursuant to the well-considered and comprehensive plan set forth in the basic zoning ordinance.
The plaintiffs further contend that the construction of the modern supermarket on the subject property will create an additional traffic hazard and would endanger the safety of children and pedestrians. This contention is without merit. Any traffic problem which may eventuate is a matter within the domain of the police, and not the concern of the zoning authorities (Greenberg v. City of New Rochelle, supra, and cases cited therein).
The plaintiffs also contend that the amendment in question will depreciate their property. There is no credible evidence to support such a contention on the part of the individual plaintiffs. This court finds that they are not parties aggrieved and have no standing in this litigation. Insofar as the corporate plaintiff is concerned, this court is of the view that the mere statement by the president of this corporate plaintiff that the supermarket on the adjacent site would have an adverse effect on the rental value of the Hastings Terrace Apartments property because of alleged noise, dirt and traffic hazards, does not substantiate the corporate plaintiff’s contention particularly in the light of the testimony of the real estate expert who testified on behalf of the defendants. After a consideration of all of the proof with respect to this aspect of the case, this court finds that the credible evidence does not demonstrate that this plaintiff’s property will inevitably he depreciated in value by the subject amending ordinance. Even if such did eventuate, it would not, in the circumstances here present, be a sufficient reason to invalidate the action of the Village Trustees. As stated in the case of Freeman v. City of Yonkers (supra, p. 954):
‘ ‘ Depreciation in value of neighborhood property and special hardship of the owners thereof are insufficient to invalidate a zoning amendment which promotes the general welfare. (Hudson v. Town of Oyster Bay, 248 App. Div. 737.) ”
In summary, the ultimate test is whether the amendment unreasonably and arbitrarily discriminates rather than furthers the public welfare. (Soule v. Town of Perinton, 152 N. Y. S. 2d 734, 738; and cf. Edgewood Civic Club v. Blaisdell, 95 N. H. 244).
The remaining contentions of the plaintiffs have been considered and are found to be without merit. As heretofore stated the plaintiffs have failed to sustain the burden of proof cast upon them. The complaint is dismissed, with costs.
*807 The foreg*oing shall constitute the decision of this court pursuant to section 440 of the Civil Practice Act.
The exhibits and testimony may be obtained from the Clerk of Special Term, Part II.
Submit judgment.