25 Misc.2d 920 (1960)
Samuel Brechner et al., Plaintiffs,
v.
Incorporated Village of Lake Success et al., Defendants.
Supreme Court, Special Term, Nassau County.
September 16, 1960.
Peirez, Karmiol & Rosenthal (Lawrence Peirez of counsel), for plaintiffs. John M. Lewis and Edward Wallace for Incorporated Village of Lake Success and others, defendants. Wasserman & Shagan (Theodore Geffner of counsel), for Marvin Gilman, defendant.
*921 BERNARD S. MEYER, J.
Plaintiffs, owners of residences within the defendant village, seek an injunction and a declaration that certain amendments of the Village Zoning Ordinance are invalid because (1) not adopted in accordance with statutory procedures, (2) they were not part of a comprehensive plan, but rather constitute "spot" zoning, (3) they result from a contract or understanding with the property owner, (4) the standards set forth are so vague as to be unconstitutional. After the opening of the trial, it was continued to permit the owner of property redistricted by one of the amendments to be brought in as a party, but a motion to dismiss for lack of standing was denied in the then state of the record (23 Misc 2d 159). The property owner was thereafter joined and the trial proceeded. After trial, the complaint is dismissed, without costs.
As stated in the earlier decision "plaintiff in a declaratory judgment proceeding must have a substantial interest in the determination of the controversy." The interest necessary to sustain such an action arises only when "the property belonging to plaintiffs was materially damaged in pecuniary value" (Marcus v. Village of Mamaroneck, 283 N.Y. 325, 333). It is stipulated that the plaintiffs' properties are 1,050 to 1,210 feet from the subject property. With the consent and in the presence of the parties, the court has viewed the subject property, plaintiffs' properties and the surrounding area. Between the subject property and plaintiffs' homes are a school and property of the Lakeville-Manhasset Water District. The terrain slopes sharply downward from the area of plaintiffs' homes toward the subject property reaching the floor of a valley at Community Drive along which the subject parcel fronts. The subject property cannot be seen from any of plaintiffs' properties except possibly from a second-story rear window of plaintiff Peirez' house. The ordinances in question established an Economic Development *922 "B" District (ED-B) and rezoned the subject property ED-B. Permitted uses include offices, scientific and research laboratories, assembly, fabrication and finishing of articles of small compass and high value (cameras, watches, electronic instruments), storage facilities but no outside storage or storage of heavy materials, telephone exchange, printing and reproduction processes, education and cultural services, restaurants serving the general public. Section 1.2 of the ordinance established "performance standards" which must be conformed to by any use in an ED-B District. Those standards prohibit any use which will cause smoke, gas, dust, odor, or other pollutant, noise perceptible beyond the boundaries of the site of the use, discharge of waste into any watercourse, dissemination of glare, vibration, heat or electromagnetic interference beyond the immediate site, or physical hazard by reason of fire, explosion or radiation, and authorize the Planning Board and Building Inspector to require evidence that the proposed use will conform to those standards before a permit is issued. Further, the section prohibits vehicular access to any use from any street that primarily serves residential neighborhoods within or without the village. The Town of North Hempstead by ordinance dated November 24, 1959 prohibited trucks of more than 8,000 pounds from using designated streets leading from the town into the village in the area of the subject property and the County Commissioner of Public Works has approved erection of a barricade between Old Valley Road and Pond Hill Road, so that vehicular access to the subject property can only be from Community Drive, outside the village. Clearly, therefore, the village has been at great pains to protect the personal rights of residents neighboring ED-B Districts in general and the subject property in particular. Unless the mere presence of the ED-B District a distance of 1,000 to 1,200 feet from plaintiffs' properties can be found to have produced material damage in pecuniary value, plaintiffs do not have the necessary interest.
To establish that the existence of the district did produce such damage, plaintiffs presented the opinion of two experts to that effect. Defendants' experts concluded that the existence of the ED-B area produced no adverse effect; in fact, one felt that residential value may have been enhanced by the creation of additional demand for homes for executives. The court finds the weight of the evidence to be on defendants' side, both because plaintiffs' experts appear to have given little or no weight to the performance standards and traffic ordinances and barriers referred to above and because defendants were able to show sales occurring after the enactment of the ordinances in question *923 which indicate that depreciation has not in fact occurred. Since plaintiffs, therefore, have not sustained the burden of showing the requisite standing, they may not question the validity of the ordinances. (Isen Contr. Corp. v. Town of Oyster Bay, 279 App. Div. 1010; Twenty-One White Plains Corp. v. Village of Hastings, 14 Misc. 2d 800, 806; Greenberg v. City of New Rochelle, 206 Misc. 28, 35.)
While the foregoing disposes of the matter, the court should note that other points urged by plaintiffs have been considered and that were the complaint not being dismissed for lack of standing, it would be dismissed on the merits. Zoning being a legislative act "is entitled to the strongest possible presumption of validity and must stand if there was any factual basis therefor" (Church v. Town of Islip, 8 N Y 2d 254, 258). The record does not show any agreement between the village and the property owner; the most that can be said is that in the face of an action seeking a declaration that residential zoning of the property was, in view of its topography, confiscatory, the village with the advice of a well-recognized planning expert determined to rezone the property in question. That the legislative discretion thus exercised constituted a change does not prove that it resulted from any illegal agreement. Nor in the face of the considered examination of the problem set forth in the planning expert's report can it be said that the rezoning in question is not part of a comprehensive plan. Plaintiffs, therefore, have not sustained their burden of proving "beyond a reasonable doubt" (Wiggins v. Town of Somers, 4 N Y 2d 215), that this rezoning is either "spot" zoning or zoning by contract. The same must be said with respect to the argument, as to which no proof was adduced, that the standards set forth in the ordinance are unconstitutionally vague.
The procedural invalidities urged are (1) that notice of the Village Board meeting was oral rather than written as section 87 of the Village Law requires, (2) that notice of public hearing was not given to the City of New York or the Long Island State Park Commission and was not properly given to the Town of North Hempstead and the County of Nassau, as section 178 of the Village Law requires, and (3) that the ordinance was amended after public hearing and adopted without further public hearing as required under the rule enunciated in Village of Mill Neck v. Nolan (259 N.Y. 596).
The meeting in question was a joint meeting of the Board of Trustees and the Village Planning Board. Notice was given to the members of those two boards by telephone. All of the members of the Village Board and three of the five members of the *924 Planning Board attended. No statutory provision specifies the notice to be given the Planning Board members; as to them oral notice was, therefore, clearly sufficient. While oral notice to the trustees was not in technical compliance with section 87 of the Village Law above quoted, there was substantial compliance. (Whalen v. Wagner, 2 Misc 2d 89, 94, affd. 3 A D 2d 936, affd. 4 N Y 2d 575; Bramley v. Miller, 270 N.Y. 307, 314; see, also, Salducco v. Etkin, 268 N.Y. 606; Commission of Public Charities v. Wortman, 255 App. Div. 241, 245; Farley v. City of Lockport, 61 Misc. 417, 418.) Since all of the board members were present and voted, the ordinance may not be invalidated simply because oral rather than written notice of the meeting was given. (4 McQuillin, Municipal Corporations [3d ed.], § 13.37; 62 C. J. S., Municipal Corporations, § 297.)
Notice under section 178 of the Village Law was not required to be given to the City of New York or the Long Island State Park Commission since no new zone was created by the ordinance enacting the new article VI-B (Rodgers v. Village of Tarrytown (302 N.Y. 115, 125) and the property rezoned under that article by Ordinance 59 is more than 500 feet from the city line and the Expressway. The court does not accept defendants' argument that the word "boundaries" means only external boundaries and concludes that notice was required to be given to the town and county with respect to Ordinance 59. It finds that notice was given to the wrong officials of those bodies (Supervisor instead of Town Clerk; County Clerk instead of Clerk of the Board of Supervisors), but concludes that these are defects in "unsubstantial detail" (Village of Lynbrook v. Cadoo, 252 N.Y. 308, 313). The town appeared by attorney at the hearing and the evidence shows that both the town and the county received the notice required by section 1608 of the Nassau County Government Law and took no action thereon. Since the later provision gives those bodies an absolute veto over the village ordinance whereas the Village Law (§ 178) specifically limits them to the right "to appear and be heard at such public hearing * * * but shall not have the right of review by a court" the defect cannot be considered substantial.
Application of the rule of the Village of Mill Neck case turns on whether the revisions made in the ordinance after public hearing are substantial. There is no question that extensive changes were made in the ordinance. However, the changes made appear to have resulted largely from the public hearing and did not constitute a change in purpose or area such as was involved in Shefler v. City of Geneva (1 Misc 2d 807); Matter of Paliotto v. Cohalan (6 Misc 2d 1) and Callanan Road Improvement Co. v. Town of Newburgh (6 Misc 2d 1071, affd. 5 A D 2d 1003). *925 Further the changes made were all adverse to the owner of the subject property except the changes of sections 5.0 and 7.0 which permitted the Planning Board to reduce either front yard depth or parking restrictions in order "to accommodate more advantageous grouping of structures." The latter "was not so substantial and extensive a change as to require a new public hearing" (Matter of Halpern v. Dassler, 135 N. Y. S. 2d 8, 12). As for the former, while some doubt concerning the question is raised by the fact that in the Village of Mill Neck case appellant argued that none of the changes imposed any additional regulations or restrictions or different boundaries on respondent's property, it is to be noted that respondent disagreed with that argument and that the short memorandum decision of the Court of Appeals does not make clear whether the changes it considered substantial were or were not related to respondent's property. Logic appears to dictate that if the only person adversely affected by a change does not object, others whose rights are not infringed by the change may not do so (Matter of Smith v. Hartman, 208 Misc. 880, 885; Matter of Suffolk Pines v. Harwood, 14 Misc 2d 826, 828; see, also, Matter of Hall v. Leonard, 260 App. Div. 591 and Church v. Town of Islip, supra, p. 259).