John P. Cohalan, Jr., J.
By motion and cross motion the parties have moved for summary judgment as to the first cause of action alleged in the complaint. It is there alleged in substance that a change of zone amendment to the Village of Quogue Zoning Ordinance for certain property within the village was not lawfully adopted by the Board of Trustees of the Village of Quogue on August 13, 1965; that the change of zone for the subject property from Residence A-2 to Residence A-3 is unlawful and that it was enacted without proper notice. Plaintiffs contend that the notice of a public hearing for the amendment was not given to the municipalities concerned therewith, i.e., Village of Westhampton Beach, Town of Southhampton and the County of Suffolk. There is undisputed proof of service of the notice upon the said village and town. The subject property is allegedly within 500 feet of the mean high-water mark of the Atlantic Ocean. Plaintiffs contend that mean high-water mark is a county boundary and the failure to give notice of the public hearing to the County of Suffolk constitutes a defect which renders the amendment to the ordinance a nullity. The record shows that the Suffolk County Planning Board and the county itself obtained a notice of the adoption of the amendment pursuant to the provisions of *390 of section 1304 of article XIII of the Suffolk County Charter (L. 1958, ch. 278). Notice of the public hearing to the county as provided for in section 178 of the Village Law as amended was not given. The amendment to the Village Law provides, among other things: “ A written notice of any proposed change or amendment affecting property within five hundred feet of the boundaries of any state park or parkway or city, village, town or county shall be given in the case of a city, village or town to the clerk of such city, village, or town, and in the case of a county, to the cleric of the hoard of supervisors or other person performing like duties, and in the case of any state park or parkway, to the regional state park commission having jurisdiction over such state park or parkway at least ten days prior to the date of such public hearing.” (Italics ours.)
The County of Suffolk formally adopted a resolution in October 25, 1965 waiving the notice of the public hearing. The question of law thus presented is whether the plaintiffs may be heard to complain of such lack of notice of the public hearing to the County of Suffolk despite the subsequent waiver of such notice. The subject of notice and requirements relating to zoning ordinance is set forth in detail in the text “Validity and construction of statutory notice requirements prerequisite to adoption-or amendment of zoning ordinance or regulation.” (96 ALR 2d 449-516.)
The southerly boundary of Suffolk County is the Atlantic Ocean. (See McKinney’s Cons. Laws of N. Y., Book 56, State Law, p. 223.)
Since that county boundary does not adjoin another municipality, it is doubtful that section 178 of the Village Law relating to public notice of the hearing for the amendment of the zoning ordinance applies or was intended by the Legislature to apply to this situation.
The contention of defendants that the plaintiffs are not aggrieved parties cannot be determined upon this motion as they may sustain a pecuniary loss by reason of the amendment to the zoning ordinance. (See Marcus v. Incorporated Vil. of Spring Valley, 24 A D 2d 1021 [2d Dept.]) “In our opinion, the complaint sufficiently alleged pecuniary loss so as to constitute plaintiffs aggrieved parties who could contest the validity of the zoning enactment (cf. Westchester Motels v. Village of Elmsford, 20 A D 2d 818). We are also of the opinion that summary judgment may not be granted defendants, as there is a triable issue of fact as to whether notice was given the Town of Bamapo, as required by subdivision 1 of section 178 of the Village Law. If that notice was not given, the amendment would be invalid. *391 However, we believe that the amendment is not subject to attack on the ground that it was enacted without public notice or hearing. ”
Pursuant to section 1304 of the Suffolk County Charter, the Suffolk County Planning Commission had an absolute right of veto over the village ordinance: “Power to zone within five hundred feet of any town or village boundary restricted. No zoning ordinance nor any amendment of a zoning ordinance passed by any town or village in the county after the date on which this charter becomes effective relating to any portion of the said town or village within five hundred feet of a town boundary or a state park or parkway shall take effect in respect to such portion of said town or village until said ordinance or amendment has been submitted to and approved by the county planning commission. The ordinance or amendment shall be deemed to have been approved unless, within thirty days after the same has been filed with the county planning commission, a resolution disapproving it is adopted by a two-thirds vote of such commission, after a public hearing thereon. The county planning commission shall give at least seven days’ prior written notice of such hearing to the clerk of any town or village adjacent to the area which is the subject of said ordinance or amendment or to the state park commission, as the case may be. ”
The Planning Board did not take any action to reverse the determination of the Board of Trustees of the Village of Quogue within the 30-day period.
The County of Suffolk formally adopted a resolution waiving notice of hearing for the proposed zoning change under section 178 of the Village Law. It is doubtful that such resolution was necessary. (See Brechner v. Incorporated Vil. of Lake Success, 25 Misc 2d 920, affd. 14 A D 2d 567 [2d Dept.].) At Special Term, Supreme Court, Nassau County, the court stated at page 924: ‘ The town appeared by attorney at the hearing and the evidence shows that both the town and the county received the notice required by section 1608 of the Nassau County Government Law and took no action thereon. Since the later provision gives .those bodies an absolute veto over the village ordinance whereas the Village Law (§ 178) specifically limits them to the right ‘ to appear and be heard at such public hearing * * * but shall not have the right of review by a court ’ the defect cannot be considered substantial. ”
It may be noted that an examination of section 1608 of the Nassau County Government Law (L. 1936, ch. 879, as amd.) shows that provision to be similar to section 1304 of the Suffolk *392 County Charter, except that the law applicable to Nassau County refers to a restriction of 300 instead of 500 feet.
In the instant matter the failure to give notice of the public hearing to the county by service thereof upon the Clerk of the Board of Supervisors or other person performing like duties cannot be considered a substantial defect. Accordingly, the motion of plaintiffs for summary judgment upon the first cause of action is denied and the cross motion of defendants ■ for judgment dismissing the first cause of action is granted.