Arthur C. Aulisi, J.
This is an article 78 proceeding whereby petitioner seeks an order to review, rescind and annul the determination of the Town Board of Rotterdam in changing the zoning classification of certain property for the purpose of using it as a sanitary landfill.
Respondents contend that said determination is not reviewable in a proceeding of this type in that in adopting the *354 rezoning resolution the town board was acting in a legislative capacity.
It is well settled that a legislative act may not be reviewed in an article 78 proceeding. (Matter of Paliotto v. Cohalan, 6 A D 2d 886, affd. 8 N Y 2d 1065; Matter of Neddo v. Schrade, 270 N. Y. 97, 102.) In the instant case, the adoption of the resolution by the town board providing for the rezoning of the subject property constituted a legislative function. Nowhere in its papers does petitioner question that proposition.
The proposition that an article 78 proceeding is not proper remedy to review a legislative action has been summarized in New York Jurisprudence (Vol. 67, Zoning and Planning Laws, § 433) as follows: “ Article 78 proceedings in the nature of certiorari are designed to review administrative, not legisative, conduct. Accordingly, the refusal of the legislative body of a village, town, or city to amend a zoning ordinance is not reviewable by the courts in Article 78 proceedings. Nor may the validity of a zoning amendment be tested in proceedings in the nature of certiorari to review the legislative conduct of such a body.”
Petitioner urges that the Town Law (§ 267, subd. 7) authorizes this proceeding. So far as applicable that section reads:
‘ ‘ Any person * * * aggrieved by any decision of the board of appeals or any officer, department, board or bureau of the town” may petition the court under article 78. There is undoubtedly no question but that a town board is a “ board 77 within the meaning of the section (Matter of Tobin v. Waters, 6 Misc 2d 159), but the review provided by section 267 (subd. 7) only applies to decisions made by the board in an administrative capacity. The case of Matter of Diocese of Rochester v. Planning Bd. of Town of Brighton (1 N Y 2d 508), cited by petitioner in support of its application, is distinguishable from this case because there the town board acted as a reviewing authority of an administrative decision, and not as a legislative body.
While petitioner contends that there is a serious dispute as to “ all7 7 the items contained in the zoning resolution and then proceeds to enumerate various matters which it claims support its contention, there is nothing in the petition to show that the town board, in adopting the zoning resolution, did not validly exercise the legislative powers conferred upon it by statute. At best, the matters complained of by petitioner were within the discretionary power of the legislative body (town board) to accept or reject as it deemed appropriate after a review of the entire matter. Nor is there anything *355 in the petition to show that the town board, in passing said resolution, did not follow the prescribed statutory procedure.
Zoning, being a legislative act, “ is entitled to the strongest possible presumption of validity and must stand if there is any factual basis therefor ”. (Church v. Town of Islip, 8 N Y 2d 254, 258; Brechner v. Incorporated, Vil. of Lake Success, 25 Misc 2d 920, 923.)
In the case at bar, before determining the suitability of the land for landfill purposes, the town board, among other things, made an engineering study of the land and its surrounding area, obtained advice from the Planning Commission of the Town of Eotterdam which unanimously recommended that the change be made, received and considered the report of the Planning Department of the County of Schenectady and the engineering report of C. T. Male Associates, consulting engineers, that the site was suitable for landfill operations. Thus, the factual basis required by the Church and Brechner cases (supra) was clearly sufficient.
In sum, then, the zoning resolution passed by the town board is a legislative act which is entitled to the strongest possible presumption of validity, and since the town board, acted upon a reasonable factual basis and in compliance with statutory procedural requirements, the relief sought by petitioner is not available. Accordingly, petitioner’s application is denied and its petition dismissed.