■ DEMA DE POPAS, Respondent, v. CHARLES W. BARRAUD et al., Constituting the Town Board of the Town of Brookhaven, et al., Appellants.— In an action to declare a certain amendment to the Zoning Ordinance of the Town of Brookhaven, adopted December 31, 1969, unconstitutional and void and for

injunctive relief, defendants appeal from a judgment of the Supreme Court, Suffolk County, dated September 14, 1970, which declared the amendment void and unconstitutional as to the property here in question and enjoined erection and operation of any commercial establishment or any building on the premises for business use or any use not permitted in the B Residence 1 Zone under said Zoning Ordinance. Judgment affirmed, with one bill of costs jointly against defendants appearing separately. No opinion. Munder, Latham and Shapiro, JJ., concur; Martuscello, J., dissents and votes to reverse the judgment and to declare the zoning amendment in question valid and constitutional, with the following memorandum, in which Rabin, P. J., concurs: This is an action to declare unconstitutional an amendment to the Zoning Ordinance of the Town of Brookhaven, on the ground that the amendment was not in accordance with a comprehensive plan and constituted spot zoning. Plaintiff is the owner of a residential parcel that fronts on the west side of Pond Path. The property of defendant Saeli and the other defendants who are not members of the Town Board (hereinafter called the Saeli defendants), a little over four acres, has frontage on the east side of Pond Path and on Nesconset Highway. The latter parcel is located in the triangle formed by Pond Path, Mark Tree Road, both town highways, and Nesconset Highway, a four-lane arterial State highway over 140 feet wide. Prior to the Saeli defendants' application to rezone their property, the area north of Nesconset Highway, which includes their property, was zoned B Residence 1. Directly across the Nesconset Highway are 45 vacant acres, zoned J Business 3, which includes a use for supermarket development. Approximately 1,500 feet east on Nesconset Highway is a huge tract zoned L Industrial 1. There are two large shopping center areas, each approximately two miles from the subject property. The remaining commercial, residential, and industrial properties have been left undeveloped to a great extent. The bulk of the residential development does not front on Pond Path. On December 31, 1969 the Town Board of the Town of Brookhaven rezoned the Saeli defendants' premises to J Business 2, subject to the filing of covenants providing that the northerly portion of the premises shall be used for a neighborhood food store and that a fence shall be erected separating the northerly portion of the premises from the remainder thereof. These covenants were filed and a neighborhood food store, known as "7–11", on the property was 80% completed when plaintiff commenced this action. Plaintiff had been unaware of an original resolution rezoning the subject area in 1968, because the list of adjoining property owners had been incomplete. A rehearing was conducted late in 1969, culminating in the resolution of December 31, 1969, again rezoning the subject property. The Special Term has held that the rezoning constituted spot zoning. In my opinion, Special Term was in error. Plaintiff attacks the constitutionality of the rezoning, contending it constitutes spot zoning. In my opinion plaintiff was not an aggrieved party and has no standing in this litigation. Other than a statement by plaintiff's witness, a member of the Suffolk County Department of Planning, to the effect that the rezoning would have an effect on residentially zoned properties, there was no proof of special damage, which is required of a party challenging the constitutionality of the zoning reclassification of another's land (*Isen Contr. Corp.* v. *Town of Oyster Bay*, 279 App. Div. 1010; *Brechner* v. *Incorporated Vil. of Lake Success*, 25 Misc 2d 920, 922, 923). On the other hand, the Saeli defendants' experts testified, based on statistics of actual resale values of homes that are close to "7–11" stores in various other areas in Suffolk County, that plaintiff's parcel would not depreciate in value, but would appreciate, as any other realty, and that the "7–11" store would not be visible from neighboring residences, due to a

difference in elevation between Pond Path and the store, as well as a very substantial buffer of existing wooded cover between the store and plaintiff's home. They further testified that development of the southerly portion of the Saeli defendants' parcel would not have a deleterious effect on the neighboring homes, due to (1) the Saeli defendants' property configuration, which virtually mandated that any building thereon would be 900 feet from the Pond Path intersection; (2) the lack of accessibility of traffic to Pond Path from the southerly portion; and (3) the lack of visibility of the Saeli defendants' structures from neighboring residences. Moreover, the burden of proof is on the party charging the invalidity of a municipal zoning ordinance (*Matter of Wulfsohn* v. *Burden,* 241 N. Y. 288, 296–297). There is a rebuttable presumption of validity of a zoning ordinance; nevertheless, the party attacking a zoning ordinance must show that it is not justified by any reasonable interpretation of the facts (*Shepard* v. *Village of Skaneateles,* 300 N. Y. 115, 118). If the legislative classification of property for zoning purposes is fairly debatable, the legislative judgment controls (*Matter of Presnell* v. *Leslie,* 3 N Y 2d 384, 390). Plaintiff has attempted to meet her burden by recourse to the test of spot zoning pronounced in *Rodgers* v. *Village of Tarrytown* (302 N. Y. 115, 123) as "the process of singling out a small parcel of land for a use classification totally different from that of the surrounding area, for the benefit of the owner of such property and to the detriment of other owners." Plaintiff further contends that the rezoning bears no relation to a comprehensive plan and does not serve the interests of the public (Town Law, §§ 261, 263). However, the record clearly indicates that the Town of Brookhaven disregarded its own master plan and has zoned much of the adjacent areas, some as close as 1,000 feet away from plaintiff's and the Saeli defendants' parcel, as commercial and industrial tracts. In addition, there was abundant evidence adduced that a small neighborhood food store, i.e., a "7–11" store, open daily and easily available, was extremely necessary in this residential area. It fills a void created by the advent of large shopping centers, which are invariably located adjacent to modern highways and can be reached only by automobile. The Saeli defendants' experts testified, with the help of specific statistical evidence, that the creation of a small neighborhood store was in accord with sound planning principles and that none of the other "7–11" stores in various Suffolk County communities had a deleterious effect on surrounding residential property. Since rational grounds existed for the Town Board's determination "as to need, the congruity of surrounding uses, the physical, economic, and social causes and effects with respect to the reclassification, the courts cannot strike down the reclassification as arbitrary or unconstitutional" (*Thomas* v. *Town of Bedford,* 29 Misc 2d 861, 870).