Edward F. McLaughlin, J.
Petitioner moves at Special Term for an order pursuant to CPLR article 78 directing respondent to interpret or change its highway specifications so as to approve petitioner’s "Item 4” gravel for use in place and stead of commercially produced crushed stone mixture as provided in respondent’s specifications as amended November 20, 1968.
The within action is brought in the nature of mandamus to compel respondent to either interpret its specification to include petitioner’s product which is "Item 4” gravel or to change the specification so as to specifically include "Item 4” gravel. Petitioner contends that the New York State specifications to which respondent’s specifications refer include both commercially produced crushed stone as well as "Item 4” gravel. Petitioner further contends that it can produce expert witnesses to testify that "Item 4” gravel is sufficient for a base in town roads and requests a hearing pursuant to article 78.
Respondent, by sworn affidavit of its engineer, contends that the local specifications are not subject to interpretation with a *998 view of enlarging their requirements and further specify commercially produced crushed stone. Respondent admits that the State specifications include "Item 4” gravel as well as crushed stone, but contends that that is not controlling insofar as the town is concerned.
After thoroughly reviewing the pleadings and hearing oral arguments of counsel, the court is convinced the petitioner is not entitled to an order compelling the respondent to interpret or change its specifications, and thus denies the relief sought herein.
The court finds that the compilation and writing of specifications for highways is a legislative act which may not be reviewed in an article 78 proceeding. (Matter of Miles v Town Bd. of Rotterdam, 68 Misc 2d 353.) The court further finds that an order compelling the respondent to contract for "Item 4” gravel would be an interference with contractual rights which also may not be resolved in an article 78 proceeding. (Matter of Corbeau Constr. Corp. v Board of Educ., Union Free School Dist. No. 9, Town of Greenburgh, Elmsford, 32 AD2d 958.)
It is not the duty of the court to legislate but rather to interpret unclear law as presently existing. There is nothing unclear in respondent’s specifications and there is no claim that respondent acted outside the authority granted to it under the General Municipal and Town Laws in establishing the specifications. In the absence of any showing that the town board did not validly exercise its legislative powers, the specifications adopted by it upon recommendation of its engineer are entitled to the strongest presumption of validity. (Matter of Miles v Town Bd. of Rotterdam, supra.)
Application denied. Petition dismissed.