Bernard Tomson, J.
This article 78 proceeding, which was brought on by order to show cause seeks to enjoin respondents from holding a public hearing on an application to rezone 81+ acres and to obtain other incidental relief. The novel issue presented is whether there is required strict compliance with the statutory direction for "written notice” to be "given” to the "town clerk” of an adjoining town. We hold that it is, unless waived by the town’s appearance at the zoning hearing.
Subdivision 1 of section 7-706 of the Village Law provides in relevant part that "written notice of any proposed [zoning] change or amendment affecting property within five hundred *366 feet of the boundaries of any * * * town * * * shall be given * * * to the clerk of such * * * town * * * at least ten days prior to the date of such public hearing.” (Emphasis supplied.)
A hearing was directed on the threshold question as to whether the Town of North Hempstead was "given” the "written notice” required by subdivision 1 of section 7-706 of the Village Law. (See, in this connection, 23 Opns St Comp, 1967, 270; and cf. Kantrowitz v Dairymen’s League Co-op. Assoc., 272 App Div 470, mot for lv to app den 272 App Div 979, affd 297 NY 991; Capra v Lumbermens Mut. Cas. Co., 43 AD2d 986; Caprino v Nationwide Mut. Ins. Co., 34 AD2d 522; Matter of Kordal v Niesley, 66 Misc 2d 781; People v Rakity, 77 Misc 2d 324, citing Creasy v United States, 4 F Supp 175; Hobart-Farrell Plumbing & Heating Co. v Klayman, 302 Mass 508; Teichberg v Blair & Co., 63 Misc 2d 1073.)
There was testimony adduced at the hearing that on July 27, 1977 a copy of the notice for the scheduled hearing was mailed in an envelope (furnished by the developer) addressed not to the town clerk but rather to "Town of North Hemp-stead, Town Hall, 220 Piándome Road, Manhasset, New York.” It was established however, that such mailing was a departure from the village’s prior practice of mailing, by certified mail, such hearing notices in envelopes addressed to the "Town Clerk.” The village contends that "someone” in town hall must have received the notice. The testimony and evidence adduced at the hearing clearly established that that "someone” (if anyone) was not the town clerk, all of whose records relating to the village were produced and convincingly demonstrated that the town clerk never received the written notice.
The Village of North Hills, citing Brechner v Incorporated Vil. of Lake Success (25 Misc 2d 920), urges that the Town of North Hempstead received "constructive notice” of the hearing and that such "constructive notice” satisfied the requirements of subdivision 1 of section 7-706 of the Village Law. Brechner is distinguishable in that there, an attorney for the town appeared at the scheduled hearing although the wrong town official had received the notice of the hearing. Only after the adoption of the ordinance did the town attack the validity of the notice. In the instant proceeding, the Town of North Hempstead attacked the validity of the notice prior to the hearing and no hearing has yet been held. Further, in Brechner, Mr. Justice Meyer stated (p 924), in finding that the *367 defects were not substantial: "It finds that notice was given to the wrong officials of those bodies (Supervisor instead of Town Clerk; County Clerk instead of Clerk of the Board of Supervisors), but concludes that these are defects in 'unsubstantial detail’ (Village of Lynbrook v. Cadoo, 252 N. Y. 308, 313). The town appeared by attorney at the hearing and the evidence shows that both the town and the county received the notice required by section 1608 of the Nassau County Government Law and took no action thereon.”
The citation relied on, Village of Lynbrook v Cadoo, (supra), demonstrates the inapplicability of Brechner on the instant facts. In Lynbrook (p 313), the Court of Appeals plainly stated that only "substantial compliance” was required because of a specific provision of the Village Law, which was given retroactive effect: "In this connection it may not be irrelevant to observe that after this action was brought the Legislature provided (Laws of 1927, ch. 650) that substantial compliance with the provisions of the annexation statute (Village Law, § 348) shall be deemed sufficient and that no action or proceeding shall be taken by any person questioning the validity of such annexation unless taken within one year of the annexation as provided by the section.” (Emphasis supplied.)
There is no provision for "substantial compliance” with respect to subdivision 1 of section 7-706 to be found in the Village Law. It is significant that in Town of North Hempstead v Village of North Hills (38 NY2d 334) the Court of Appeals found the problem of sufficient importance to say (p 340), after quoting the relevant extract from subdivision 1 of section 7-706: "The town does not contend that the village failed to give it the required notice either in 1970 when the challenged ordinance was originally adopted or in 1974 when certain property was rezoned pursuant to the terms of that ordinance. Since we can assume, therefore, that the village fulñlled the requirements of section 7-706, we hold that the town is prohibited from seeking judicial review by the express terms of the statute.” (Emphasis supplied.)
In Keeney v Village of LeRoy (22 AD2d 159, 163), it was stated: "The procedural steps required by the enabling acts of municipalities are regarded as mandatory and failure to comply therewith invalidates the enactment. (Barry v. Town of Glenville, 8 N Y 2d 1153; Village of Mill Neck v Nolan, 233 App. Div. 248, affd. 259 N. Y. 596; Town of Schroeppel v. *368 Spector, 43 Misc 2d 290; Anderson Zoning Law and Practice in New York State, §§ 4.01, 4.15.)”
Accordingly, it is here determined that the town clerk was not "given” the written notice required by subdivision 1 of section 7-706 of the Village Law nor was the failure to comply with the statute waived by the town’s appearance at the rezoning hearing without objection (cf. Brechner and Town of North Hempstead; supra).
Inasmuch as the date of the scheduled hearing has passed, it is not necessary to consider the other issues raised. The relief requested by petitioners is granted to the extent set forth above.