Howard T. Ho gait, J.
Plaintiff seeks a judgment declaring that the Building Zone Ordinance of the respondent town, insofar as it places her property in an “A” residence district, is confiscatory, unconstitutional and void by reason of the fact that the character of the surrounding neighborhood is such as to make her property totally unfit for any of the uses to which it is now restricted, and suited only for business purposes.
Upon the evidence introduced and the concessions made at the trial, as well as an inspection by the court made at the request of counsel, the following facts are found.
Plaintiff is the owner of an irregularly shaped parcel of land, roughly in the form of an “ L ”. It is a combination of two parcels, the first of which she acquired in 1942, the second in 1954. The former, for the practical purposes of this action, may be considered as having a frontage of approximately 200 feet on the Hempstead Turnpike and an average depth of about 105 feet. The latter is a rectangular plot contiguous to the first on the north, having a depth of 145 feet and a frontage of 155 feet on Loring Road, a short street, residential in character.
They lie at the western extremity of Levittown. Each is presently improved with a one-family dwelling, and both have been in the aforesaid “ A ” residence district since 1937.
Bethpage Turnpike is one of the most heavily traveled east-west arteries in Nassau County. It is presently being widened into a six-lane highway. As early as July, 1953, a traffic count conducted by the Department of Public Works of the State of New York revealed a 24-hour total of cars in both directions as high as 30,375. It is common knowledge that the traffic flow has greatly increased in the succeeding four years. It has been stipulated to be a fact that within a mile of the subject property in either direction, the Town Board has separately re-zoned at least 45' individual parcels on the Turnpike to “ Business ” within recent years.
At the present time this portion of Bethpage Turnpike is developed with a great many stores, restaurants, gasoline stations and places of amusement, interspersed with occasional one-family dwellings, most of the latter facing away from the road. It would be difficult to find anywhere a more perfect *937 example of “ spot zoning”. Comprehensive planning should be the basis for all zoning. By reason of these changes the entire character of the neighborhood bordering on Bethpage Turnpike has been transformed from rural or residential to commercial. Despite this, two applications by plaintiff to have her own property re-zoned for business uses were denied.
One of the grounds upon which she now seeks relief is that the desired change will greatly enhance the value of her land. It is well settled that proof that property could be more profitably used for business than for residential purposes is insufficient to warrant a declaration that a zoning ordinance is confiscatory and unconstitutional (Shepard v. Village of Skaneateles, 300 N. Y. 115; Ulmer Park Realty Co. v. City of New York, 270 App. Div. 1044, affd. 297 N. Y. 788; Matter of Wulfsohn v. Burden, 241 N. Y. 288; Matter of Fox Meadow Estates v. Culley, 233 App. Div. 250, affd. 261 N. Y. 506).
It may well be, however, that plaintiff can establish that she suffers unnecessary hardship and practical difficulties, that her property burdened with its present restrictions, cannot yield a reasonable return, and that her situation is unique in this neighborhood. If so, she may apply to the Board of Zoning Appeals for relief by way of a use variance. It is an equally well-settled rule that one may not attack a zoning ordinance on the ground that it is unconstitutional and confiscatory only as to her particular property, until she has exhausted all available administrative remedies (Town of Cortlandt v. McNally, 282 App. Div. 1072 [2d dept.]).
She cannot be barred from seeking such relief on the ground that any hardship suffered is self-imposed (Matter of Clark v. Board of Zoning Appeals, 301 N. Y. 86; O’Brien Transfer & Stor. Co. v. Incorporated Vil. of Great Neck, 2 A D 2d 690) despite the fact that both parcels were acquired by her with knowledge of the zoning restrictions, because it is all too evident that her present hardship, if any, was created solely by the piecemeal re-zoning of the neighborhood at various times. The southerly portion of her property now stands as an island in a sea of business uses.
Until she has exhausted this remedy, however, the court may not substitute its judgment for that of the zoning authorities. If it be found that she is entitled to relief, it may be that conditions and limitations should be imposed, or that such relief should extend only to the southerly portion of her property to a specified depth. It is not the proper function of this court to make such determination or to impose such conditions or limitations. In reversing the Special Term which had assumed *938 such power, the court, in Matter of Cunningham v. Planning Bd. of Town of Brighton (4 A D 2d 313, 317) quoting People ex rel. Hudson-Harlem & Co v. Walker (282 N. Y. 400, 405) said: “Although authorized to take testimony, the power of the Special Term was limited by the statute to reverse or affirm, wholly or partly, or to modify the decision brought up for review. No authority was conferred to try the issue of a right to a variance of the sowing ordinance de novo or to substitute its judgment on the merits for that of the board.”
Accordingly, the complaint is dismissed, without costs. The above shall constitute the decision of the court as required by section 440 of the Civil Practice Act.