Howard T. Hogan, J.
Plaintiffs seek a judgment declaring that the Building Zone Ordinance of the defendant Town of Oyster Bay is unconstitutional insofar as it restricts their property to the uses permitted in a residential district.
At the request of both parties, the court has visited and made a study of the area in question.
The subject property is unimproved and lies two blocks south of the Northern State Parkway on the northeast corner of Broadway and Burke Avenue in Hicksville. At the time of the commencement of this action in March, 1958, it had a frontage of-125 feet on Broadway and a depth of 100 feet along the north side of Burke Avenue. Broadway is a main artery of north-south travel in Nassau County. Its west side is intensively developed with commercial uses for a considerable distance, starting opposite this property and running south.
Regardless of any theories held by defendants’ expert witnesses, it is readily apparent that the owners would have found it difficult if not completely impossible and economically impractical to develop this parcel for residential purposes in March, 1958. However, the State of New York, in connection with the widening of Broadway, on August 6, 1958 acquired title by condemnation to the property to a depth of 62% feet, leaving plaintiff with a remaining parcel having a frontage of 125 feet on Broadway, as widened, and a depth of only 37% feet.
The one apparent purpose to be served by a judgment declaring at this time that the ordinance limiting the property to residential use is void, is that it would then be worth considerably more on the date of the taking, and the resulting damage to the owner would be correspondingly greater than if the land were to be treated as a residential site. When the issue of damages was reached for trial before the Court of Claims, the judgment of this court that the property was unsuited for residential purposes (and by inference, that commercial uses should be permitted) would be res judicata.
Such a judgment, so far as the court can ascertain, could accomplish nothing else.
However, it appears that the plaintiff can achieve the same objective by other means. It is now settled law that the court in fixing the valuation of property taken in a condemnation proceeding “ ‘ is not restricted to a valuation predicated on the narrow use of the property permitted by a zoning ordinance, but may take into consideration what any prospective purchaser might consider, viz. — the uses for which the property is otherwise best suited, for which it is most valuable, and any reasonable probability whether such prohibition or restriction *766 would be modified or removed in the near future ’ ”. (Matter of Incorporated Vil. of Garden City, 9 Misc 2d 693, 701, affd. 4 A D 2d 783, motion for leave to appeal denied by Court of Appeals, 3 N Y 2d 708.)
Since the plaintiff has an adequate remedy available, the procedure for a declaratory judgment should not be invoked (Orenstein v. Sheinman, 144 N. Y. S. 2d 510, 512, affd. 1 AD 2d 660). This, coupled with the fact that the State of New York, the present owner of a portion of the property, is not a party to this action and would not be bound by any declaratory judgment rendered by this court affecting its property, persuades the court to dismiss so much of the complaint as seeks judgment declaring that the portion of the property taken by the State was improperly zoned (Wood v. City of Salamanca, 289 N. Y. 279):
As to the remaining portion of the property, however, the court finds that the present zoning is unconstitutional because it leaves no reasonable use to the owners. Certainly a plot with a frontage of 125 feet on Broadway and a depth of only 37% feet cannot be developed for residential purposes even if variances in the front and rear yard requirements could be obtained. This is the limit of the court’s power. It may not fix by decree what it considers to he the proper zoning (Grac v. Town of Hempstead, 9 Misc 2d 935, 937-938, citing Cunningham v. Planning Bd. of Town of Brighton, 4 A D 2d 313). That is the function solely of the Town Board. If it be determined eventually that there is no practical use to which such a plot may be put, the owners may then assert that the partial taking resulted in a destruction of the whole, for which they are entitled to consequential damages.
The foregoing constitutes the decision of the court as required by section 440 of the Civil Practice Act.
Let judgment be entered accordingly.