Samuel W. Eager, J.
This is an article 78 (Civ. Prac. Act) proceeding brought to review and annul a zoning board determination which granted to the intervenor-respondent a variance to permit the extension partly into a residential district of a proposed modern A&P supermarket building. Said respondent, Silver Distributing Company of New York, Inc. (hereinafter referred to as Silver), has contracted to purchase Lots 1 to 8, Block 134, which front on Riverdale Avenue in the City of Yonkers. Lots 1 to 4 are in a business district in which the proposed building is a permitted use. Lots 5 to 8 are in a residence district restricted against this type of building. Silver proposes to erect the building on Lots 1 to 4 and extending 21 feet onto Lot 5, and the determination of the Zoning Board grants a variance so that the building may be extended the 21 feet into Lot 5.
Under the provisions of the local ordinance, the Zoning Board here unquestionably had the jurisdiction to entertain application for and to grant a variance to permit extension into the residence district of this building, which was to be erected principally on adjoining lots in a business district. It appears that the board, thus having the power to act under the circumstances here, proceeded with the holding of a public hearing, the receiving of affidavits and arguments from interested parties, and the personal inspection of the subject premises and surrounding area. The findings thereafter made ■ by the board and its reasoning thereon tend to support its determination and, therefore, any contention that the determination is arbitrary or capricious is ruled out.
Noted, of course, is the petitioner’s contention that the granting of the variance was contrary to law in that Silver was bound to establish unnecessary hardship and in that its hardship here is self-imposed. In my opinion, however, particularly bearing in mind the provisions of the local ordinance, the establishment of unnecessary or special hardship upon the present property owner was not essential to the obtaining of this type of variance, namely, a variance permitting the extension for a short distance into a residence district of a business building to be lawfully erected in a business district. According to the findings of the board, read as a whole, the situation requiring the variance had to do with the unique character of the particular property, considered together with its surround *1003 ings. The board determined to permit the extension of the proposed business building a short way into the adjoining residence district on the ground that such a variance was “ in the interest of safeguarding the character of the district and conservation of property values.” As in the cases having to do with variances of area requirements, the board was entitled to overlook the general doctrine applicable in self-imposed hardship cases. (See Matter of Stadden v. Macauley, 12 Misc 2d 297, 298, citing Matter of 293 North Broadway Corp. v. Lange, 282 App. Div. 1056; Matter of Hickox v. Griffin, 274 App. Div. 792, revd. on other grounds, 298 N. Y. 365; Matter of Bobrowski v. Feriola, 2 A D 2d 708; Grace v. Town of Hempstead, 9 Misc 2d 935.) To hold otherwise would improperly hamper zoning boards in carrying out their functions. To require a zoning board to apply the self-imposed hardship doctrine, without discretion, to each and every case where the property is sold and transferred would forever bar minor adjustments once property is sold and would, therefore, tend to unduly restrict the sale and improvement of the less desirable pieces of property. Public policy requires that a zoning board should not be so limited in the exercise of its powers.
Zoning boards are close to the local situation and the presumption is that they act honestly with public welfare in mind. The discretion and judgment of such a board in granting or denying a particular variance, where it has jurisdiction, should be respected by the courts unless clearly arbitrary or capricious. Therefore, under the circumstances here, the petition herein and this proceeding is dismissed.
Settle order on notice. No costs.