Bernard S. Meyer, J.
Plaintiffs, owners of residences within the defendant village, seek an injunction and a declaration that certain amendments of the Village Zoning Ordinance are invalid because (1) not adopted in accordance with statutory procedures, (2) they constitute “spot zoning,” (3) they constitute zoning by contract. After introduction of part of the evidence, defendants move to dismiss on the grounds that (1) this is a taxpayer’s action and section 51 of the General Municipal Law has not been complied with, (2) plaintiffs have no standing to bring this action, (3) the owners of the property directly affected by the amendments in question are indispensable parties. For the reasons hereafter stated, the court concludes that the action is properly brought provided plaintiffs’ proof substantiates the damage claimed in their complaint, but that the action may not proceed further until the owners of the property involved have been made parties.
As Mr. Justice Johnson held in ruling on defendants’ motion for summary judgment, this is not a taxpayer’s action under the General Municipal Law. It is rather an action for a declaratory judgment, and it is now well settled that the constitutionality and legality of a zoning ordinance may be determined in such a proceeding. (Dowsey v. Village of Kensington, 257 N. Y. 221; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493; Hyde v. Incorporated Vil. of Baxter Estates, 3 N Y 2d 873; Homefield Assn. of Yonkers v. Frank, 273 App. Div. 788, affd. 298 N. Y. 524; Commission of Public Charities v. Wortman, 255 App. Div. 241, 243, 247; Lo Cascio v. Kristensen, 280 App. Div. 835.)
It is, of course, true that the plaintiff in a declaratory judgment proceeding must have a substantial interest in the determination of the controversy. Defendants, however, attempt to distill from sections 178 and 179 of the Village Law and section 1608 of the Nassau County Government Law (L. 1936, oh. 879) a rule that since the farthest distance referred to in those provisions is 500 feet, plaintiffs, all of whom reside between *161 1,050 feet and 1,200 feet from the rezoned property do not, as a matter of law, have a substantial interest. Since the matter at issue involves a zoning ordinance, its determination is closely related to the question who is a “person aggrieved” as that term is used in section 179-b of the Village Law, section 267 of the Town Law and in section 81 of the General City Law. Examination of cases construing those sections as well as of declaratory judgment cases shows that no arbitrary distance can be fixed as a measure of a plaintiff’s standing. The determination must be whether “ the property belonging to plaintiffs was materially damaged in pecuniary value ” (Marcus v. Village of Mamaronech, 283 N. Y. 325, 333), whether plaintiffs’ personal or property rights will be directly and specifically affected (Rice v. Van Vranken, 225 App. Div. 179, affd. 255 N. Y. 541; Buckley v. Fasbender, 281 App. Div. 985). Distance alone will not exclude a plaintiff who presents adequate proof of damage (see Greenberg v. City of New Rochelle, 206 Misc. 28). The question is one of fact (Gilligan v. Cunningham, 273 App. Div. 1046; Isen Contr. Corp. v. Town of Oyster Bay, 279 App. Div. 1010; Twenty-One White Plains Corp. v. Village of Hastings, 14 Misc 2d 800), which cannot be decided on the present record.
It is the rule, however, that, “ A declaratory judgment serves a legitimate purpose only when all persons who may be affected thereby and who may question in a court the existence and scope of the rights declared are parties to the action and have opportunity to be heard. A court may, and ordinarily must, refuse to render a declaratory judgment in the absence of such parties.” (Cadman Mem. Cong. Soc. of Brooklyn v. Kenyon, 279 App. Div. 1015 citing Manhattan Stor. & Warehouse Co. v. Movers & Warehousemen’s Assn., 289 N. Y. 82, and Wood v. City of Salamanca, 289 N. Y. 279.) That principle requires that the owner of property rezoned under an ordinance attacked as invalid spot zoning (Terner v. City of Peekskill, 124 N. Y. S. 2d 24) and the owners of all property subject to a restrictive covenant which it is sought to have declared unenforcible, Bach v. Grabfelder (233 App. Div. 773) be parties to the action. It follows that this trial may not proceed without the joinder of the owners of the rezoned property.
An order may be settled on notice requiring plaintiffs to join said owners as parties defendant, and continuing the matter for trial before me after such joinder at Trial and Special Term, Part IV, on June 20, 1960, unless all parties can agree upon an earlier trial date or unless said owner-defendants can show cause for a later trial date.