Thomas P. Parley, J.
Three motions are before the court: (1) A motion by the defendant municipality and public officers for summary judgment or to dismiss under rule 106 the several causes of action pleaded in the amended complaint; (2) a motion by the individual and private corporate defendants for identical relief; (3) a motion by the plaintiffs for an injunction pendente lite. The first two motions will be first jointly considered, although the third motion was made earlier.
The amended complaint attacks the validity of two amendments to the Building Zone Ordinance of the Village of Bast Hills adopted on July 26,1960 and March 28,1961, each of which purported to change the zoning of certain acreage plots in the village from residence zoning on one-acre plots to residence zoning on 15,000-square-foot plots.
*456 The named plaintiffs, residents in a zone where 15,000-square-foot plots were at all times permitted, apparently conceiving themselves in some manner injured, bring this action.
The plaintiffs describe themselves as plaintiffs, “ individually, and on behalf of others similarly situated ”. The propriety of the description of the action as a representative action is properly challenged by the defendants. The action seeks a declaratory judgment; there is no factual allegation that any controversy exists between anyone but plaintiffs and defendants ; there is accordingly no basis for the representative action (Elbert v. Village of North Hills, 262 App. Div. 470). The misjoinder should be corrected or abandoned when the amended complaint hereinafter permitted shall be served.
There is a general attack of insufficiency directed to all the causes of action, 10 in number, on the theory that the allegations of the complaint insufficiently allege the existence of any facts warranting the maintenance of this action by the plaintiffs. The court believes this objection is sound. A plaintiff seeking to challenge the validity of a zoning ordinance must prove, and, of necessity, allege, facts which demonstrate that his property or personal rights will be adversely and materially damaged by the legislation. (Brechner v. Village of Lake Success, 23 Misc 2d 159, 25 Misc 2d 920; Blumberg v. Hill, 119 N. Y. S. 2d 855; Isen Contr. Corp. v. Town of Oyster Bay, 279 App. Div. 1010.) The amended complaint, paragraphs “Eighth” and “ Twenty-Sixth ”, embody the only allegations upon this issue. In the court’s opinion, they are conclusory in form and insufficiently plead the facts on which plaintiffs rely (Matter of Hattem v. Silver, 19 Misc 2d 1091). Since all causes of action depend on these allegations, each in the court’s opinion is insufficient for that reason if for no other.
As to each cause of action, however, further objection is directed, and since the litigation cannot be disposed of on this motion, but as to some causes of action, at least, leave must be given to replead, the several contentions will be considered.
The motion seeks to dismiss for insufficiency the first and second causes of action (the first directed at the ordinance of July 26, 1960, the second at the ordinance of March 28, 1961), on the theory that the pleading is devoid of any allegation of fact sufficient to upset the presumption of validity attaching to legislative actions of the Village Board. The complaint is framed on the theory that the legislation under attack constitutes “spot zoning” in violation of a comprehensive plan of zoning established in 1950, to meet circumstances and conditions which have not changed since 1950. The pertinent allega *457 tions are in paragraphs “ Twenty-Third “ Twenty-Fourth ” and “ Thirty-Fourth” of the complaint. Although not devoid of conclusory allegations, it is the court’s opinion that they contain enough factual allegations to withstand the motion to dismiss for insufficiency in this respect. This is true in light of the language of Levitt v. Incorporated Vil. of Sands Point (6 A D 2d 701, affd. 6 N Y 2d 269); McCabe v. Town of Oyster Bay (13 A D 2d 979); Homefield Assn. of Yonkers v. Frank (270 App. Div. 820).
As to the third and fourth causes of action, the motions seek summary judgment under rule 113 of the Buies of Civil Practice, or in the alternative, their dismissal for insufficiency under rule 106 of the Buies of Civil Practice. These causes of action attack on divers grounds the sufficiency of the several notices of meeting at which the zoning amendments were considered. The defendants show by affidavits and exhibits, and it is not denied, that the plaintiffs, in spite of any insufficiency in the notices, appeared at both meetings and opposed the contemplated action and are therefore not in a position to urge the insufficiency of the notices. As to purely formal matters, this is true (North Shore Beach Properties Assn. v. Town of Brookhaven, 115 N. Y. S. 2d 670). However, in opposition to the motion, plaintiffs urge that they have now discovered other defects in the adoption of one or both ordinances. Under all the circumstances, the court feels that the motions to dismiss these causes for insufficiency in favor of the defendants should be granted, with leave to replead if plaintiffs be so advised.
The motions seek summary judgment dismissing the fifth and sixth causes of action, or in the alternative, their dismissal for insufficiency. These causes attack the sufficiency and regularity of the publications necessary under sections 178 and 179 of the Village Law to make the ordinances, as amended, effective. It appears that publications of the amended ordinances, made promptly after their adoption, were probably insufficient because what was published was not the ordinance but an abstract of it. Later, the amended ordinances were republished in full; but as plaintiffs assert, without official authority and after a delay so unreasonable as to nullify the ordinances. In the court’s opinion, these causes of action, except for the deficiencies afore-mentioned, are sufficiently pleaded, and the proof before the court indicates that issues of fact exist requiring a trial, especially as to the circumstances of the second publications.
As to the seventh and eighth causes of action, the motions seek summary judgment under rule 113, or in the alternative, their *458 dismissal for insufficiency. These causes of action attack the sufficiency of posting of the amended ordinances. The plaintiffs now ask leave to withdraw these causes of action. The motions for summary judgment dismissing these causes will be granted.
The motions seek summary judgment dismissing the ninth cause of action, or in the alternative, its dismissal for insufficiency. This cause of action attacks the action of the Village Planning Board in approving one section of a plot plan presented to it on October 9, 1961. After the various zoning ordinance amendments were adopted, a plot plan involving some of the territory affected by the amended ordinances and other territory not affected thereby but always zoned for use as 15,000 square-foot residential plots was presented to the Planning Board for approval. Section 2 of the maps presented involved only land unaffected by the amendments. By the time of the hearing before the Planning Board, this litigation had been commenced. The Planning Board approved section 2 but delayed action on the remaining map or maps. Plaintiffs urge, without the citation of any authority, that this was beyond the power of the Planning Board. Section B-6.1 of the Planning Board Regulations seems to indicate otherwise. The defendants ’ motion for summary judgment with respect to this cause of action is granted.
The motion seeks to dismiss for insufficiency the tenth cause of action (improperly numbered “Eighth” in the amended complaint). This cause of action purports to plead the invalidity and nullity of both amendments for alleged venality of the legislators. The pleading, paragraphs “Seventy-Fourth” and “Seventy-Fifth”, upon perusal, appears devoid of any allegation of fact, but is merely conclusory. The motion to dismiss is granted with leave to replead.
To recapitulate, the amended complaint is dismissed for general insufficiency in the respects indicated, with leave to replead within 20 days as to the causes of action herein described as the first, second, third, fourth, fifth, sixth, and tenth. As to the seventh, eighth and ninth causes of action, summary judgment under rule 113 will be granted dismissing the complaint. The plaintiffs’ motion for an injunction pendente lite against any act by the defendants giving effect to the amendments is denied.