Jack Stanislaw, J.
Brookhaven Town moves pursuant to 3211 (subd. [a], pars. 2, 10) of the Civil Practice Law and Rules to dismiss this action for the reason that the court does not have jurisdiction in that there is an absence here of persons who should be parties. Plaintiff Challette, Inc., brought the action for judgment declaring the invalidity of a certain amendment to the town’s Building Zone Ordinance. The amendment itself is one which “upzoned” all land, except for one parcel, in Union Free School District No. 1 in the township, which school district takes in some approximately 2,700 acres. Of this, plaintiff owns roughly 230 acres, or less than 10% of all the upzoned property.
In support of the motion defendant argues that in failing to join all persons who might be affected by the disposition of its action the plaintiff has left this court without jurisdiction. That is, the absence of all those property owners within the affected district who would be bound by any judgment obtained by the plaintiff with respect to the zoning amendment is a fatal defect as to parties necessary to a determination.
*265 At the outset, the court rejects Challette’s contention as to the town’s manner of properly making its objection about parties, that is to move first for the joinder of the alleged indispensable parties (CPLR 1001, 1003, 3211, subd. [a], par. 10; Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 1003.05 ; vol. 4, par. 3211.45; Siegel, A Biannual Survey of New York Practice, 38 St. John’s L. Rev. 406, 447). Having then effectively raised its objections, defendants’ motion must now be analyzed on its merits.
A plethora of cases has been cited by the town in its memorandum at first glance apparently supporting the propositions advanced by it herein. Yet these and others stand for more than is immediately obvious in spot quotations recited as controlling the instant situation. Judge Lehman, in the well-known case of Arverne Bay Constr. Co. v. Thatcher (278 N. Y. 222, 233), dealt with the issue of the reasonability of a zoning ordinance as applied to plaintiff’s property. That plaintiff was the owner of property a part of some four miles affected by an amendment to the zoning ordinance. It was held “ that the present regulation as applied to plaintiff’s property is not valid.” Earlier, in Dowsey v. Village of Kensington (257 N. Y. 221, 228-229), Judge Lehman had written for the court affirming plaintiff’s declaratory judgment, and described plaintiff’s successful argument thusly: “ She maintains only that the inclusion of her property in such a district is so unreasonable that it cannot be supported under even the widest extension of the police power.” (Cf. Gardner v. Le Boeuf, 8 A D 2d 736.) There can be no denying that the above Court of Appeals cases were not addressed to the problem of parties involved or lacking. In these opinions the major concern is with the substance of the constitutional question raised (see, also, Shepard v. Village of Skaneateles, 300 N. Y. 115; Bohan v. Town of Southampton, 227 N. Y. S. 2d 712; Gordon v. Town of Huntington, 230 N. Y. S. 2d 619) in general, and then with the particular association as to the status of the plaintiff’s property. More recently this comprehensive stepladder approach could be even more easily discerned in Levitt v. Incorporated Vil. of Sands Point (6 N Y 2d 269).
The court is well aware of those cases in which actions similar to the instant action were dismissed for the reason that all parties concerned had not been joined; However, it is felt that these do not apply here: Manhattan Stor. & Warehouse Co. v. Movers & Warehousemen’s Assn. of Greater N. Y. (289 N. Y. 82) (Attorney-General not a party, and an agreement was to be declared lawful or not; the Attorney-General then *266 could not be bound by any such determination of legality); Wood v. City of Salamanca, 289 N. Y. 279 (nonparty to be directly affected by another’s action to declare the constitutionality of a legislative enactment for its benefit); Terner v. City of Peek shill (124 N. Y. S. 2d 24) (action to declare invalidity of zoning ordinance amendment as to three lots, brought by a “neighbor” and without any of those three lot owners joined as parties); Brechner v. Incorporated Vil. of Lake Success (23 Misc 2d 159) (again, nonparties are the total of the owners of the directly affected parcels); Matter of Leventhal v. Michaelis (29 Misc 2d 831); Justino v. Fassi (15 AD 2d 676); Feigen v. Green Harbour Beach Club (25 Misc 2d 101); Nelkin v. Town of Oyster Bay (14 Misc 2d 764); Ponemon v. Incorporated Vil. of East Hills (32 Misc 2d 454) (representative action). Although these cases, and many others, recite the necessity for the presence of all parties to the controversy, their negative aspects are worthy of consideration. In other words, the presence required is that of persons necessarily touched directly by a declaratory judgment action brought, in effect, by an “ outsider ”, one himself not involved by reason of property ownership or other right or liability within the sphere of the dispute.
It is quite one thing to say that an action cannot be maintained by uninvolved person A without calling in persons B, O and D who will be immediately touched by a declaration of zoning invalidity, and another to permit person A, directly involved, to initially and independently seek such relief. The distinction lies, of course, in simply reflecting that the former supposition denies comprehended nonparticipants the opportunity of “ self-defense,” whereas the probabilities of at least some communal interest in the latter instance are more obvious. Furthermore, even if we assume a diversity of interest among the parties covered by this amendment, it is extremely difficult, if not impossible, to visualize any situation of purported unconstitutionality affecting a great many persons which cannot be questioned as a practical matter because of parties required to participate in an action.
In the last analysis we are speaking to considerations of fair play, or that which is sometimes depreciatingly referred to as justice. This plaintiff’s play is fair, defendant is not unduly prejudiced, and the court therefore must deny the motion. Settle order and proceed on notice accordingly. (CPLR 3211, subd. [f].)