Bergan, J. (dissenting).
The court at Special Term determined after a full trial of the issue that plaintiffs had not established they were damaged by the city ordinance which they have succeeded in having determined invalid. The court stated “ that the plaintiffs have offered no evidence which would warrant a finding that their properties were materially damaged in pecuniary value ”.
In reversing, the Appellate Division did not state in its memorandum of decision that plaintiffs had shown they were materially damaged by the ordinance, but held, rather, that the “standing” of two of the plaintiffs (Blumberg) to bring the action had been established in an earlier article 78 proceeding (Matter of Blumberg v. Feriola, 16 Misc 2d 1001, revd. 8 A D 2d 850, affd. 7 N Y 2d 852); and because they had “ the requisite standing” to bring that proceeding “it follows” they have the “ standing ” to bring the present action.
The court indicated that it felt it was unnecessary to reach, and therefore did not reach, the question whether plaintiffs had shown they were damaged by the ordinance; and nothing about the decision, the order of the Appellate Division or the judgment entered on its order, although the reversal was on the facts as well as the law, suggests that it made any finding that plaintiffs established their properties were materially damaged. Indeed, the record would not, as the Special Term noted, sustain any such finding.
It has become quite well settled that local legislative enactments of this character will not be struck down unless the plaintiff shows some substantial property damage (Isen Contr. Co. v. Town of Oyster Bay, 279 App. Div. 1010; Buckley v. Fasbender, 281 App. Div. 985). In Brechner v. Incorporated Vil. of Lake Success (25 Misc 2d 920, 921) the Special Term noted on the authority of Marcus v. Village of Mamaroneck (283 N. Y. 325, 333) that “ the interest necessary to sustain such an action arises only when the property belonging to plaintiffs was materially damaged in pecuniary value ’
*794 There Avere essential differences - between the scope and the issues presented in the earlier article 78 proceeding and those in this action, AAdiich require that if plaintiffs are to succeed here in attacking the local ordinance they must prove in this action that they aré damaged. There was not only a complete difference between these -defendants and the Zoning Board of Appeals, the respondent in the prior proceeding, but there were differences between the petitioners there and the plaintiffs here. The plaintiffs Albert and the plaintiff Goodfriend were not petitioners there, and other petitioners in that proceeding-are absent here.
Moreover, the issues were not the same and the difference is not formal, merely, but significant. Petitioners in the prior proceeding were reviewing a variance of a zoning ordinance to permit the erection of a supermarket building extending 21 feet into Lot 5. The Special Term sustained the variance, but the Appellate Division reversed because it was of opinion the OAvner had purchased the property with the knowledge of the restriction and should not be relieved from whatever hardship resulted (8 A D 2d 850, 851).
The ordinance here under review deals with a different subject matter, i.e., a parking area in connection with the supermarket on lots adjoining the building. It is conceivable that a nearby property owner might be damaged by the construction of a shopping center, but if the shopping center has become a reality it might be quite another thing whether he would be specially damaged by the adjacent parking lot and that is all this ordinance permits.
Thus, the damage to plaintiffs is not deemed to have been so conclusively adjudicated in the prior proceeding as to relieve them of the need for showing it in this action (Erbe v. Lincoln Rochester Trust Co., 3 N Y 2d 321, 327; Marcus v. Village of Mamaroneck, 283 N. Y. 325, 333, supra; Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493; Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304).
The absence of proof of damage was the ground for the decision at Special Term and both on the weight of evidence on plaintiffs ’ proof and on the law it was right. The order should be reversed.
Order affirmed.