JOSEPH TATA et al., Plaintiffs, v. TOWN OF BABYLON et al., Defendants.

Supreme Court, Special Term, Suffolk County, January 11, 1967.

*Siben & Siben* for plaintiffs. *Bernard J. Reilly* for Town of Babylon, defendant. *Murov & Phillips* for Fay Brown, defendant.

JACK STANISLAW, J. In this action for a declaratory judgment plaintiffs argue that a certain change of zone legislated by the Town of Babylon is unconstitutional and invalid, among other things.

About the early part of July, 1966 the Babylon Town Board granted the application of one Brown to rezone approximately 14 acres of property from " A Residence " to " M. R. Multiple Residence " district. The latter district permits use for garden apartments.

In the immediate vicinity of the rezoned parcel are the improved single-family residential properties of the plaintiffs. Alleging imminent pecuniary loss, to say nothing of drastic aesthetic upheaval, plaintiffs would invalidate the change of zone and restrain any further action in reliance on it pending final determination hereof.

With Brown's participation the town opposes the grant of any temporary injunctive relief and moves to dismiss the complaint *in toto* as legally insufficient. Specifically, the complaint is said to lack proper allegation of special damages to plaintiffs which is necessary to give them status to bring the action as only indirectly affected parties. The complaint does insist upon a likelihood of plaintiffs' pecuniary problems when and if garden apartments are raised on the site, yet despite this emphasis there is little to amplify that conclusory assertion.

To prevail as aggrieved parties these plaintiffs must plead and prove their special damages (*Marcus* v. *Village of Mamaroneck,* 283 N. Y. 325; *Brechner* v. *Incorporated Vil. of Lake Success,* 25 Misc 2d 920, affd. 14 A D 2d 567). Defendants argue that plaintiffs have not even managed to get past the first (pleading) stage.

Instances in which the courts have had occasion to pass upon the sufficiency of allegations in demonstration of the status of indirectly affected property owners to bring suit on a zoning change are relatively isolated. There is some indication that recitation of the words " pecuniary loss " may not be enough for discussion usually revolves around the *sufficiency* of allegations of pecuniary loss. The inquiry is apparently into the substantive amplification of that pecuniary loss (*Westchester Motels* v. *Village of Elmsford,* 20 A D 2d 818; *Marcus* v. *Incorporated Vil. of Spring Valley,* 24 A D 2d 1021; see, also, *Anderson* v. *Town of Clarkstown,* 15 A D 2d 560).

Of course, assuming the pleading is accepted, plaintiffs' evidence of loss is then closely scrutinized in an action to upset the legislative determination of a governmental unit (*Point Lookout Civic Assn.* v. *Town of Hempstead,* 22 Misc 2d 757, affd. 12 A D 2d 505, affd. 9 N Y 2d 961; *Place* v. *Hack,* 34 Misc 2d 777; *Kalvaitis* v. *Village of Port Chester,* 235 N. Y. S. 2d 44). In this frame of reference plaintiffs' suggestion that detailed proof of damages should and must await trial is hardly pertinent. The question does not go to the quantum of damages at this point, but rather to their existence per se. The complaint does allege that plaintiffs' properties will be " adversely affected and * * * damaged pecuniarily ", subject to " pecuniary loss ", " pecuniary damage " (twice), " heavy losses ", " pecuniary

detriment ", and " great depreciation ". These negative conse-
quences are said to be imminent because of the garden apart-
ments to be erected close by the plaintiffs' long-standing nice
homes; in disturbance of the presently comforting visual satis-
faction afforded by 14 acres of vacant land; which apartments
would thereafter be occupied by many people who would, human
nature being what it is, add to the local school population; in an
area better suited to more of only the single-family residential
uses similar to that of plaintiffs' properties.

Damages thus proceed for the most part from plaintiffs'
delight with the *status quo*. Despite the observation made that
special damages of some sort are to be shown, and the somewhat
fuzzy nature of the complaint in this regard, it is difficult to
appreciate that plaintiffs might be able to state them more
tangibly. The direction of the action is valid enough, and to
require more than is present here by way of allegations of dam-
age would be to in effect nullify the possibility of suit altogether
whether in this case or almost any other. The complaint must
be accepted as sufficient even if only in terms of an ability to
state a cause of action whether in these circumstances or most
others (cf. *Levine* v. *Town of Oyster Bay,* 26 A D 2d 583).

The town's motion to dismiss was made pursuant to CPLR
3211 (subd. [a]). In view of the development of the issues upon
this motion by the parties it is possible for us to consider and
perhaps dispose of them as upon a motion for summary judg-
ment (CPLR 3211, subd. [c]). Regarding the allegedly improper
notice of the town's actions on the processing of the zone change
application we find ample if not undeniable proof of proper
notice (Town Law, §§ 264, 265).

That the zoning change was conditioned upon acts to be per-
formed by Brown and others affords no valid basis for relief
either. We have enough evidence before us to find that the
imposition of the particular conditions was neither unconstitu-
tional nor an improper exercise of the town's legislative function
(*Church* v. *Town of Islip,* 8 A D 2d 962, affd. 8 N Y 2d 254).

Plaintiffs' economic hardship as set forth is similarly no basis
for interference with the town's legislative act, especially where
there is no hint of absolute or even overwhelming loss. Lesser
value is one thing, no value or almost no value quite another.
Just about every time a town board rezones or similarly takes
action, for the (strongly presumptive) benefit of the entire com-
munity some degree of economic change is almost to be expected
(*Levitt* v. *Incorporated Vil. of Sands Point,* 6 N Y 2d 269).
Based upon the extensive materials presented by the parties it
can be stated that plaintiffs' damage or loss is not such as would

operate to ultimately invalidate the ordinance (*Mary Chess, Inc.* v. *City of Glen Cove,* 18 N Y 2d 205). The special damages recited are only adequate to give plaintiffs status to bring suit.

There is a single issue raised by the plaintiffs which is not amenable to summary disposition. They have alleged that the change of zone was resolved in the absence of a comprehensive plan. This allegation was met with the proposition that since the zoning ordinance itself has contained a " M.R. Multiple Residence " district for some four years its application to a specific area is simply a furtherance of an existing plan. However, a comprehensive plan is not the fact of an ordinance but of its application or reapplication. The ordinance provision is strong evidence of planning, but is not conclusive (*Arverne Bay Constr. Co.* v. *Thatcher,* 278 N. Y. 222; *Rodgers* v. *Village of Tarrytown,* 302 N. Y. 115). When we consider the issue of a plan in this case we are concerned with a plan connected with and in rationalization of the rezoning of the particular 14-acre parcel (*Blumberg* v. *City of Yonkers,* 21 A D 2d 886, affd. 15 N Y 2d 791; *De Sena* v. *Gulde,* 24 A D 2d 165). The availability of the district in the body of the ordinance does not suffice to justify a change of zone to that district somewhere within the geographical confines of the governmental unit.

The action boils down to the single issue, that the change of zone was not made in accordance with a comprehensive plan. Plaintiffs' standing to sue is thus limited to that one issue, the determination of which will be determinative of the action. Therefore, we direct the trial of this issue (CPLR 3211, subd. [c]) before this court on the 30th day of January, 1967, starting at 9:30 A.M. Order and judgment herein shall await the conclusion of the trial and determination to follow.