Jack Stanislaw, J.
In this action for judgment declaring an amendment to the Building Zone Ordinance of the Town of Babylon invalid and void the plaintiffs have asked for a preliminary injunction. This relief, to prevent any building activity on the subject property in furtherance of the purportedly improper change of zone, is objected to and those objections voiced concurrently with a motion to dismiss the complaint altogether.
On November 9,1966 the defendant Town Board held a public hearing on the proposed change of zoning of the property from Residence “ O ” District to Multiple Residence “ms” District. The amendment to the ordinance was enacted, whether properly or not, on December 20, 1966. Since the property affected lies within 500 feet of a State park and parkway, notice of the proposed change was allegedly required to be given to the Long Island State Park Commission (Town Law, § 264). Following the change, notice was also required to the Suffolk County Planning Commission (Suffolk County Charter, § 1304; L. 1958, ch. 278). Plaintiffs attack the propriety of the notice given the LISPC or the activity, or rather the inactivity, of the SCPC following notice as operating to nullify the amendment.
For their part the defendants, the town and an individual property owner, claim that the action must fail for plaintiffs’ lack of capacity to sue as ‘1 aggrieved parties ’ ’, for the insufficiency of allegations of special damages, and for nonjoinder of *663 an indispensable party. In any event a preliminary- injunction is said to be extraordinarily damaging to the defendant owner who has made a substantial investment accompanied by unproductive and continuing liabilities while this action remains unresolved and the status of the zoning of the property in doubt. Assuming plaintiffs are successful here defendant owner requests an undertaking of adequate magnitude to cover its relatively high cost of standing still with reference to its property (CPLB6312, subd. [b1]).
Special damages have been set forth in vague and ambiguous terms. However, we have recently had occasion to comment upon the probabilities of pleading special damages where required in zoning ordinance cases with any great degree of specificity (Tata v. Town of Babylon, 52 Misc 2d 667). Although the tenor of that determination quite likely operates to severely dilute the pleading requirement as to special damages the practical basis for the relaxation there constrains us to apply the same lesser criteria here. To the extent that plaintiffs might plead special damages at all in the context of this action they have done so adequately.
Since two distinct parcels were involved in the amendment of the ordinance the defendants call for dismissal of the complaint for failure to join the owner of the second parcel as a party to this action. But plaintiffs point out that the present defendant owner was the sole applicant for the amendment as to both parcels. After the amending resolution was adopted one of the parcels was conveyed to the three individuals who are not parties to this action. Thus, plaintiffs argue that the action remains valid as to at least the one parcel and either that the owners of the other may be joined, or that the instant defendant owner is representing the interests of its vendees in fact and so we can proceed as to both parcels on that basis (Brechner v. Incorporated Vil. of Lake Success, 23 Misc 2d 159).
The present owners of the second parcel will obviously be affected directly by the outcome of this action one way or the other. Their involvement is substantial, precise, and absolute, and clearly neither independent nor indirect. Plaintiffs cannot avoid the joinder of these owners by attaching their interests to those of the named defendant owner or a limitation of the action only to the extent of that defendant’s interest in the amendment resolved (cf. Challette, Inc., v. Town of Brookhaven, 43 Misc 2d 264). Nevertheless, the order herein may, among other things, provide for the joinder of these owners prior to any final disposition of the action on the 'merits (Brechner v. Incorporated Vil. of Lake Success, 23 Misc 2d 159, supra.)
*664 We have so far established the plaintiffs’ capacity to sue, allegations of special damages, and (subsequent proper) joinder of parties. With the complaint procedurally confirmed we may inquire with regard to its substantive aspects as attacked by the defendants’ motion to dismiss altogether or at least through denial of preliminary injunctive relief.
Section 264 of the Town Law requires 10 days’ notice of a public hearing to amend a zoning ordinance so as to affect property within 500 feet of a State park or parkway, to the regional commission having jurisdiction. The town indicates written notice actually forwarded seven days prior to the hearing, and though plaintiffs question even that much notice actually given, the fact is that alone it would be too short to validate the town’s hearing and determination anyway. But the town presents information in its papers to confirm the sending of the notice in the first place, though only seven days before the hearing, and the letter of counsel to the Park Commission relating its actual notice of the hearing as of October 28, 1966, some 12 days prior to the November 9 public hearing. The manner of. obtaining this actual notice is not spelled out and plaintiffs dispute it in fact and in efficacy, as they do the alleged November 2nd notice. A hearing would be necessary to resolve these issues if one or the other, or both, notifications might suffice to validate the statutory requirements (Town Law, § 264).
Notice properly given though not to the full number of days required has been declared a jurisdictional defect nullifying action taken at the noticed public hearing (Incorporated Vil. of Is. Park v. J.E.B. Associates, 21 Misc 2d 249 ; Matter of Briscoe v. Bruenn, 216 N. Y. S. 2d 799; Marcus v. Incorporated Vil. of Spring Val., 24 A D 2d 2021). The cited cases revolve around notice provisions contained in the Village Law, but are superficially pertinent to the instant situation. It goes without saying that invalidity will follow whether by virtue of the Town Law or the Village Law when there has been no notice given whatsoever (Bohan v. Town of Southampton, 227 N. Y. S. 2d 712).
There have been indications that statutory notice requirements may be capable of being waived or at least satisfied by less than complete adherence where notice has actually been received by whatever means or method (Matter of Dolomite Prods. Co. v. Kipers, 39 Misc 2d 627). Objections raised at the particular hearing go a long way toward minimizing subsequent arguments based upon improper notice in the first place, the rationale being one of waiver through actual notice and action, against which a technical jurisdictional defect would serve no real purpose (North Shore Beach Prop. Owners Assn. v. Town *665 of Broolchaven, 115 N. Y. S. 2d 670). The legal effect of extra-statutory notice apparently often proceeds, realistically enough, from knowledge and notice of a hearing as a matter of fact (see Shefler v. City of Geneva, 1 Misc 2d 807; but contra Matter of Lo Conti v. City of Utica, 52 Misc 2d 815).
Some conflict in authority is evident regarding a failure to comply with statutory notice requirements. It is not clear exactly how often the issue has turned upon a failure of actual notice which then led to a declaration of jurisdictional invalidity. It is clear that a demonstration of actual notice will suffice to highlight such notice as may have been given- or received beyond the precise terms of the applicable statute (Brechner v. Incorporated Vil. of Lake Success, 25 Misc 2d 920, affd. 14 A D 2d 567, app. dsmd. 11 N Y 2d 929).
Our inclination to give effect to actual notice actually established is based in large part on a failure to visualize how such notice might be objectionable for having achieved that which the statutory provision seeks to insure. It must also be pointed out that the application of the notice requirements of section 264 of the Town Law is somewhat doubtful here in any event. There is a distinction between zoning ordinance amendments broadly made and individually instigated and applied modifications. The former. seemingly come within the ambit of the section we have been discussing (Town Law, § 264), and the latter within section 265 of the Town Law containing less stringent notice directions (North Shore Beach Prop. Owners Assn. v. Town of Brookhaven, 129 N. Y. S. 2d 697, affd. 1 A D 2d 1043; 1965 Atty. Gen. [Inf.] 121). The amendment the subject of this action has not been sufficiently described to warrant its categorization as broad or limited. The problem of notice is thus dependent first on the scope of the amendment. If it is a limited change the notice question would be satisfied as things now stand; a broad change would bring up the question of the actuality of informal notice.
The parties concede the application of section 1304 of the Suffolk County Charter to the amendment of the ordinance by. the town. Due to the geographies of the property the amendment was submitted to the County Planning Commission. It would be deemed approved if not rejected within 30 days after filing. Reference is made to a public hearing but there is a problem as to whether that hearing is necessary only before rejection can be resolved or in every case regardless of approval, rejection or inaction to be deemed approval. Plaintiffs have alleged that no legal hearing took place so that the Planning Commission may not be presumed to have acted or even failed *666 to act one way or the other. Defendants claim simply that a public hearing was held and the subsequent nonrejection for 30 days then became approval. Here the dispute is obvious and visible: Was there a legal public hearing held by the County Planning Commission or not? If there was, the absence of resolved approval is immaterial for the lapse of time would result in approval nevertheless. If there was no hearing as alleged then plaintiffs would have a point, and the amendment would be in limbo until the planning commission had proceeded beyond the public hearing. We find it most difficult to read the section (Suffolk County Charter, § 1304) as permitting approval after filing with no public hearing necessary at all.
Finally, plaintiffs have alleged that the ordinance was here amended without the benefit of a comprehensive plan. That allegation is a valid one amenable to trial (Tata v. Town of Babylon, 52 Misc 2d 667).
We find that temporary relief and the whole of the action itself resolves to three issues: The scope of the amendment of the ordinance resolved by the town, the legality of the hearing which was held by the Suffolk County Planning Commission, and the existence or not of a comprehensive plan. As in the Tata case (supra), and more especially here due to the injunctive relief requested, we will direct a trial of the issues specified at an early date, with order and judgment on these applications to await the conclusion of the trial. Until such time the restraint obtained by the plaintiffs shall continue (CPLR 6313), as it no doubt has to this point.