ANGELINA DI ROMA, as Executrix, etc., of TONY DI ROMA, Deceased, Appellant, v. CHAMBERS DRUG STORE, INC., and Others, Respondents.— In an action upon a promissory note, order denying plaintiff's motion for summary judgment, pursuant to rule 113 of the Rules of Civil Practice, reversed on the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. The execution and delivery of the note, the consideration therefor, and its non-payment were undisputed. The burden was upon the defendants to show by affidavit or other proof such facts as may be deemed sufficient to entitle them to a trial of the issues. The only issue, as pleaded, was whether or not a settlement agreement had been effected. Plaintiff showed that after this agreement alleged by defendants to have been made, defendants' attorney admitted that it had never been consummated. If the agreement was in writing that writing should have been produced, but it was not. If it was oral, it was unenforcible. (Pers. Prop. Law, § 33-a; Atterbury v. Walsh Paper Corp., 261 App. Div. 529.) Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

ANNA J. DOYLE, Respondent, v. BERTHA SOMMER and LOUISE SOMMER, Appellants, and THE CITY OF NEW YORK and Others, Defendants.— Action to foreclose a mortgage on real property. Order denying in part and granting in part defendants' motion for examination of plaintiff before trial, and order denying defendants' motion to examine before trial a corporation not a party to the action, in so far as appealed from, affirmed, with one bill of ten dollars costs and disbursements. Examination to proceed on five days' notice. No opinion. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

ROBERT G. ELBERT, Suing on Behalf of Himself and All Other Owners of Real Property in the Village of North Hills, Appellant, v. VILLAGE OF NORTH HILLS, HENRY M. MINTON, as Mayor of the Village of North Hills, and JOSEPH P. GRACE and Others, as the Board of Trustees of the Village of North Hills, Respondents.— In an action brought to procure a judgment declaring a certain resolution passed by the board of trustees of the village of North Hills, together with certain amendments thereto, void, unconstitutional and ineffective, and for other relief, plaintiff appeals from so much of an order as dismisses the complaint upon the ground that upon the face thereof it does not state facts sufficient to constitute a cause of action. Order, in so far as appealed from, reversed on the law, with ten dollars costs and disbursements, and motion in so far as it seeks dismissal of the complaint denied, with ten dollars costs, with leave to defendants to answer within ten days from the entry of the order hereon. In our opinion the complaint states facts sufficient to constitute a cause of action. (Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 386; Dowsey v. Village of Kensington, 257 N. Y. 221, 229, 230; Matter of Isenbarth v. Bartnett, 206 App. Div. 546; affd., 237 N. Y. 617.) Lazansky, P. J., Hagarty, Carswell, Adel and Taylor, JJ., concur.