ROBERT G. ELBERT, Suing on Behalf of Himself and All Other Owners of Real Property in the Village of North Hills, Respondent, *v.* VILLAGE OF NORTH HILLS and Others, Appellants.

Second Department, October 6, 1941.

*Melber Chambers,* for the appellants.

*Theodore E. Wolcott,* for the respondent.

PER CURIAM. By a prior motion the appellants moved pursuant to rules 102, 103 and 106 of the Rules of Civil Practice for the following alternative relief: (1) Dismissal of the complaint on the ground that it failed to state a cause of action; (2) for an order directing the plaintiff to serve an amended pleading upon the ground that there was a misjoinder of the parties plaintiff; (3) for an order striking from the complaint as improper, irrelevant and unnecessary paragraphs 1, 2 and 4 of the prayer for relief. The court granted the motion to dismiss the complaint and from the order entered thereon the plaintiff appealed. The order was reversed by this court and the motion denied. (*Elbert* v. *Village of North Hills,* 262 App. Div. 856.) Thereupon, the defendants sought a reargument of the prior motion and asked for a decision of those portions of the motion not passed upon by the court at the time that the prior motion

was decided, and for additional relief striking out two specific paragraphs of the complaint. The motion was denied and from the order entered upon such denial the defendants appeal.

The only question submitted to and decided by this court on the prior appeal was the question of whether the complaint stated a cause of action. The complaint did state a cause of action in favor of the plaintiff individually and this court consequently reversed the order dismissing the complaint and sustained the pleading. The respondents were entitled to have decided those portions of their motion not passed upon in the original decision of the Special Term. The question of whether or not the plaintiff was entitled to bring an action in a representative capacity was not involved in the prior appeal. The prior appeal involved a ruling made pursuant to rule 106 of the Rules of Civil Practice. The present appeal involves a motion to transform a representative action to an individual action and is properly made under rules 102 and 103. (*Brenner* v. *Title Guarantee & Trust Co.*, 276 N. Y. 230.) The action is improperly brought as a representative action. An action for a declaratory judgment will only lie when there is a *bona fide* controversy between the parties. There is no such controversy alleged to exist between any one except the individual plaintiff and the defendants. Hence, no cause of action in a representative capacity is stated. (*Wardrop Co., Inc.*, v. *Fairfield Gardens, Inc.*, 237 App. Div. 605; *Matter of State Industrial Comm.*, 224 N. Y. 13.) The allegations in the prayer for relief pertaining to the representative nature of the action are improper but as an amended pleading is to be served, it is unnecessary to pass upon them specifically at this time.

The order should be reversed on the law, with ten dollars costs and disbursements, and motion granted to the extent of requiring the plaintiff to serve an amended pleading on the ground that there is a misjoinder of parties plaintiff; otherwise, motion denied. The amended pleading is to be served within fifteen days from the entry of the order hereon.

LAZANSKY, P. J., JOHNSTON, ADEL, TAYLOR and CLOSE, JJ., concur.

Ordered accordingly.