Feobssbl, J.
The enactment of a two-acre minimum lot area requirement is, in an appropriate case, a legitimate exercise of the police power (Village Law, § 89, subd. 30; §§ 175, .177; Dilliard v. Village of North Hills, 276 App. Div., 969; Flora Realty & Investment Co. v. City of Ladue, 362 Mo. 1025, appeal dismissed 344 U. S. 802; Senior v. Zoning Comm. of Town of New Canaan, 146 Conn. 531, decided April Term, 1959; Fischer v. Township of Bedminster, 11 N. J. 194; see Franmor Realty Corp. v. Village of Old Westbury, 280 App. Div. 945, motion for leave to appeal dismissed 304 N. Y. 843; Elbert v. Village of North Hills, 262 App. Div. 856). The evidence in this record as to the character and location of the Village of Sands Point, with its isolated geographical position in a fringe area on the northern tip of a peninsula, and of the Residence “ A ” District therein, consisting of rolling and partly wooded land in an attractive rural residential community, supports the ■finding of the Appellate Division on the factual issue of the reasonableness of the zoning ordinance.
*273 Even if the validity of the regulation were “ fairly debatable ”, as plaintiffs’ expert at the trial conceded it was, “ the legislative judgment must be allowed to control ” (Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 388). The presumption of validity is not changed by the fact that an amendment to a zoning ordinance is here involved (Rodgers v. Village of Tarrytown, 302 N. Y. 115, 121-123; Shepard v. Village of Skaneateles, 300 N. Y. 115,117-118).
Considering the zoning ordinance in its particular application to plaintiffs’ property, we agree with the finding of the learned Referee, affirmed by the Appellate Division, that the ordinance does not preclude the use of plaintiffs’ property for any purpose for which it is reasonably adapted (Arverne Bay Constr. Co. v. Thatcher, 278 N. Y. 222, 226). Mere lessening of profits as here, or even economic loss to an affected property owner, does not render a zoning ordinance confiscatory and thus unconstitutional in its application (Matter of Wulfsohn v. Burden, 241 N. Y. 288, 302).
We disagree, however, with the opinion of the Appellate Division insofar as it held that plaintiffs were precluded from raising the issue of confiscation by their failure to apply for a variance under the provisions of the ordinance. The theory of this action is that plaintiffs are entitled as a matter of right to a judgment declaring the unconstitutionality of the ordinance ; they do not ask for the relaxation of an assumedly valid regulation (Vernon Park Realty v. City of Mount Vernon, 307 N. Y. 493, 501; Dowsey v. Village of Kensington, 257 N. Y. 221, 231). Indeed, an application for a variance here, in effect to rezone 127 acres, would be futile (see Matter of Hess v. Zoning Bd. of Appeals of Vil. of Sands Point, 17 Misc 2d 22, involving an application for a variance as to 40 acres in this same village), since the Zoning Board of Appeals has no power to remake the zoning map under the guise of granting a variance (Matter of Levy v. Board of Standards & Appeals, 267 N. Y. 347, 352-354 ; Dowsey v. Village of Kensington, supra, pp. 227-228).
The judgment should be affirmed, with costs.
Chief Judge Conway and Judges Desmond, Dye, Ftjld, Van Voobhis and Btjbke concur.
Judgment affirmed.