■ In the Matter of JEAN CAVALLO et al., Appellants, v DAVENPORT NECK CORPORATION, Respondent. [603 NYS2d 310] — Decree and order (one paper), Surrogate's Court, Bronx County (Lee L. Holzman, S.), entered January 12, 1993, which granted respondent's motion for leave to amend its answer to assert an affirmative defense of Statute of Limitations and for dismissal of the petition on that ground, and also denied petitioners' cross motion for summary judgment, unanimously modified, on the law, to deny respondent's motion and reinstate the petition, and otherwise affirmed, without costs.

This is a proceeding to direct the registration of certain shares of stock on respondent's books. Petitioners' decedent

applied for membership in the Davenport Club, a beach club in New Rochelle, in 1967. The Club's bylaws provided that one of the requirements for membership was ownership of stock in respondent, which owned the property leased to the Club. Decedent purportedly obtained such stock from a resigning member, but when complications arose over transfer of the shares on the Club's books, a series of correspondence ensued between decedent and the Club treasurer.

On January 14, 1970, the treasurer wrote to decedent, indicating that the only question remaining was not decedent's purchase of Club shares, but rather the mechanics of entering the transfer in accordance with formal review of all the contractual requirements—i.e., whether the seller should first have formally surrendered the stock before resigning his membership. The treasurer indicated that these procedural requirements might ultimately have to be resolved by a court of law, but at present the matter was open to discussion in the best interests of all. The letter closed with a cordial wish that "the new scene at Davenport will be enjoyable to all during the coming season."

Nowhere in this letter was there anything approaching a flat rejection of decedent's effort to register his shares, nor was there any statement that could be construed as a demand for return of the shares held by decedent. Nevertheless, this is the document belatedly identified by respondent as triggering the running of the Statute of Limitations—and recognized as such by the Surrogate. No fair reading of the 1970 letter yields any interpretation as the ripening of a judicially cognizable grievance. Leave to amend the answer, and to dismiss the petition on the ground of Statute of Limitations, based upon this letter, should have been denied.

We agree with the Surrogate's finding that numerous issues of fact exist which would preclude summary disposition at this point. A trial is clearly warranted to resolve this matter. Concur—Sullivan, J. P., Wallach, Kupferman and Rubin, JJ. [See, 156 Misc 2d 6.]