■ LORRAINE BOYCE, Appellant, v GEORGINA H. RINEHART et al., Respondents. [693 NYS2d 115] —Order, Supreme Court, New York County (Norman Ryp, J.), entered January 12, 1998, which, upon defendant Rinehart's motion, (1) vacated an order of the same court (Martin Schoenfeld, J.), entered May 18, 1995, upon defendant 1025 Fifth Avenue (the cooperative) severing plaintiff's claim against the estate defendant and ordering an inquest against defendant 1025 Fifth Avenue for the purpose of entry of a default judgment against it; (2) dismissed the complaint against both defendants as barred by the applicable six-year Statute of Limitations; and (3) acknowledged the right of plaintiff to a life estate in the premises conditioned on plaintiff paying maintenance and other charges, unanimously reversed, on the law, without costs, the motion to vacate the default order denied, the complaint reinstated, entry of a default judgment against the cooperative to be stayed pending determination of plaintiff's cause of action against the estate, and the judicial acknowledgment of plaintiff's right to a life estate in the premises vacated.

We find that plaintiff's claim against the estate is not time-barred, having accrued in 1992, not 1987 as the motion court found, and that her claim against the cooperative defendant has yet to accrue. We agree with the parties that the applicable Statute of Limitations for this declaratory judgment action is the six-year provision of CPLR 213.

The July 1987 letter *from the cooperative defendant* to plaintiff did not commence the running of the Statute of Limitations for plaintiff's claims *against the estate*. That letter essentially advised plaintiff that her demand to have her alleged ownership of the apartment recognized and recorded would be denied pending receipt of more persuasive evidence of ownership, and noted that the decedent had repudiated by letter on three separate occasions her allegation that he had transferred the ownership of the apartment to her. The hearsay statement alleging the repudiation of plaintiff's rights was insufficient to trigger a claim against the estate by plaintiff (*see, Matter of Cavallo v Davenport Neck Corp.*, 198 AD2d 104). The first time plaintiff was made aware that her ownership of the apartment

was being directly challenged was in a May 1992 letter from the estate (decedent passed away in 1990). Thus, only at that point did a sufficient controversy arise that would trigger the running of the Statute of Limitations.

The July 1987 letter also did not trigger a justiciable controversy, or the running of the limitations period, as *against the cooperative defendant*, since, as noted previously, the letter did not completely reject plaintiff's demand, but merely requested more persuasive evidence. Due to the plaintiff's different claims against the two defendants, the accrual dates of those claims are different (*see, Montalto v Town of Harrison*, 151 AD2d 652). As against the cooperative defendant, she seeks a declaration that if she provides the appropriate documentation of ownership, it will be required to recognize and record her as the owner of the apartment. The declaration sought against the estate is that the transfer of ownership is valid and she owns the apartment. Thus, the justiciable controversy with the cooperative defendant would only arise at such time as she receives a favorable declaration as against the estate, that she owns the apartment.

The motion court also erred in granting the estate's motion for vacatur of the default order severing the claim against the cooperative and setting for inquest the issue of the cooperative's purported default. With regard to the cooperative's default, the estate had no basis to seek vacatur. As noted above, plaintiff's claims against the estate and the cooperative are different; hence the latter's default had no effect on the former's rights. With regard to the vacatur of the estate's default on the severance motion, the estate failed to assert either a reasonable excuse or a meritorious defense. The estate's excuse that its then counsel negligently failed to oppose the severance motion is contradicted by the record, which shows that the lack of opposition to the motion was a strategic decision. The alleged meritorious defense that the severance might lead to inconsistent verdicts was without merit, since the distinctiveness of plaintiff's claims against the two defendants, in conjunction with the erroneously-vacated default against the cooperative, extinguished that possibility. Hence, as a precaution against inconsistent verdicts, we stay entry of judgment of the reinstated default against the cooperative pending determination of plaintiff's claim against the estate for a declaration that the decedent's transfer of the ownership shares and proprietary lease to her in 1975 was a valid transfer. Concur—Williams, J. P., Mazzarelli, Rubin, Andrias and Buckley, JJ.