In an action for a judgment declaring that the plaintiff is the owner of 50% of the outstanding shares of both Stemar Construction, Inc., and Marnia Construction, Inc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Murphy, J.), entered November 30, 2011, which denied his motion for summary judgment on the complaint and granted the cross motion of the defendants Marnia Construction, Inc., Stemar Construction, Inc., Kerry Sullivan, and William J. Sullivan, Jr., and the separate cross motion of the defendant Joan Harrigan, successor executor of the Estate of Helen A. Sullivan, for summary judgment dismissing the complaint insofar as asserted against each of them on the grounds that the action is barred by the statute of limitations and the doctrine of laches.
Ordered that the order is modified, on the law, by deleting the *775 provision thereof granting the cross motion of the defendants Marnia Construction, Inc., Stemar Construction, Inc., Kerry Sullivan, and William J. Sullivan, Jr., and the separate cross motion of the defendant Joan Harrigan, successor executor of the Estate of Helen A. Sullivan, for summary judgment dismissing the complaint insofar as asserted against each of them on the grounds that the action is barred by the statute of limitations and the doctrine of laches, and substituting therefor a provision denying the cross motions; as so modified, the order is affirmed, without costs or disbursements.
The plaintiff commenced this action for a judgment declaring that he is the owner of 50% of the outstanding shares of Stemar Construction, Inc. (hereinafter Stemar), incorporated in 1966, and Marnia Construction, Inc., incorporated in 1969, both formed for the purpose of constructing and operating apartment buildings. It is undisputed that William Sullivan was the owner of the remaining 50% of the shares of each corporation. William Sullivan died in 1973, and his interests ultimately were inherited by the defendants Kerry Sullivan and William Sullivan, Jr. No stock certificates were ever issued for either corporation.
After William Sullivan’s death, his sister, Helen A. Sullivan (hereinafter Helen), took over the paperwork and bookkeeping for the corporations. The plaintiff continued to handle maintenance and the operation of the buildings, and received compensation as an employee of Stemar. Throughout the next few decades until her death in 2001, Helen exerted increasing control over the affairs of the corporations, while the plaintiff continued in his role as superintendent.
In 2004, the plaintiff, through counsel, sought access to the corporate records. By letter dated March 29, 2005, counsel for Kerry Sullivan and William Sullivan, Jr., denied the request on the ground that the plaintiff was not a shareholder in either corporation. In February 2009, the plaintiff commenced a proceeding to obtain access to the corporate records pursuant to Business Corporation Law § 624. That petition ultimately was granted. Shortly after the plaintiff commenced that proceeding, Kerry Sullivan terminated his employment and barred him from the premises. The plaintiff then commenced this action in September 2009.
The plaintiff moved for summary judgment on the complaint. The Estate of Helen A. Sullivan cross-moved, and the remaining defendants separately cross-moved, for summary judgment dismissing the complaint insofar as asserted against each of them. The Supreme Court granted the cross motions and denied *776 the plaintiffs motion, determining that the action is barred by the statute of limitations and the doctrine of laches.
A cause of action for declaratory relief accrues when there is a bona fide, justiciable controversy between the parties (see CPLR 3001; Waterways Dev. Corp. v Lavalle, 28 AD3d 539 [2006]; Elbert v Village of N. Hills, 262 App Div 470 [1941]). “A justiciable controversy must involve a present, rather than hypothetical, contingent or remote, prejudice to the plaintiff. The dispute must be real, definite, substantial, and sufficiently matured so as to be ripe for judicial determination” (Waterways Dev. Corp. v Lavalle, 28 AD3d at 540 [citation omitted]; see Park Ave. Clinical Hosp. v Kramer, 26 AD2d 613, 614 [1966], affd 19 NY2d 958 [1967]). A dispute matures into a justiciable controversy when a plaintiff receives direct, definitive notice that the defendant is repudiating his or her rights (see Stein v Garfield Regency Condominium, 65 AD3d 1126 [2009]; Boyce v Rinehart, 263 AD2d 377 [1999]; Matter of Cavado v Davenport Neck Corp., 198 AD2d 104 [1993]; Charney v North Jersey Trading Corp., 172 AD2d 390 [1991]; Vanderbilt v Vanderbilt, 28 AD2d 861 [1967]). Here, the defendants failed to establish that they or Helen directly and definitively repudiated the plaintiffs alleged interests in the corporations prior to the letter from counsel dated March 29, 2005, denying the plaintiff access to the corporate records. Since the applicable statute of limitations is six years (see CPLR 213 [1]), this action, commenced in September 2009, is timely. Moreover, the action is not barred by the doctrine of laches, as the defendants were not prejudiced by the plaintiff s 4V2-year delay in commencing the action after the cause of action accrued (see Matter of Barabash, 31 NY2d 76, 81 [1972]). Accordingly, the Supreme Court erred in granting the defendants’ cross motions based upon the statute of limitations and the doctrine of laches.
However, contrary to the plaintiff’s contention, he is not entitled to summary judgment on the complaint. Although the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that he is a 50% owner in the subject corporations, the defendants raised a triable issue of fact in opposition thereto (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Dillon, J.P, Balkin, Chambers and Hall, JJ., concur.